COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS. SUPERIOR COURT DEPT.
OF THE TRIAL COURT

| | |
|---|---|
| ROSARIO AGUILAR, As Representative Of MARYORI M. CONDE and As Personal Representative Of The Estate Of MARYORI M. CONDE,<br><br>Plaintiff(s),<br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Corporation; SAFECO INSURANCE COMPANY OF AMERICA, a New Hampshire Corporation; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut Corporation; THE CRAWFORD GROUP, INC., a Corporation; SHAUNA MCCORMICK, an individual; and THE ESTATE OF SEAN ST. LOUIS, Defendants. | Civil Action No.: ______________<br><br>Related to Case No. 2073CV00295 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**PARTIES**

1. At all times prior to her death, decedent Maryori M. Conde ("Maryori") was an individual residing in the County of Providence, State of Rhode Island.

2. Rosario Aguilar is a resident of Los Angeles County, California, who brings this action in a representative capacity and as Administrator of the Estate of Maryori M. Conde, her deceased daughter.

3. Plaintiff has standing under the laws of Massachusetts to bring this action for her loss from the wrongful death of the decedent, Maryori M. Conde.

4. Upon information and belief, Defendant Liberty Mutual Insurance Company ("Liberty Mutual") is a Massachusetts corporation that maintains insurance coverage covering the incident at issue in this matter.

5. Upon information and belief, Defendant Safeco Insurance Company of America ("Safeco") is a New Hampshire corporation and subsidiary of Liberty Mutual that issued insurance coverage covering the incident at issue.

6. Upon information and belief, Defendant Travelers Property Casualty Company of America ("Travelers") is a Connecticut corporation that maintains insurance coverage with coverage obligations for the incident at issue.

7. Upon information and belief, Defendant The Crawford Group, Inc. ("Crawford") is a corporation and the named insured under Travelers Policy HE-EAP-474M7302-TCT-18, providing adjusting services in coordination with Liberty Mutual, Safeco, and Travelers as "ELCO."

8. Upon information and belief, Defendant Shauna McCormick aka "Mars" McCormick ("McCormick") is a resident of the County of Norfolk, State of Massachusetts.

9. Upon information and belief, Defendant The Estate of Sean St. Louis ("St. Louis Estate") to be formed and opened, represents the estate of Sean St. Louis, who was the actual operator of the Enterprise rental vehicle at the time of the January 17, 2019 incident that resulted in Maryori M. Conde's death. On February 5, 2019, an employee of Crawford, Elizabeth Borst, represented that "[i]n response to your demand for the limits of liability coverage pursuant to M.G.L. c.175, §112C vehicles rented from Enterprise Rent-A-Car Company of Boston d/b/a Enterprise are self-insured and provides proof of financial

responsibility through a bond pursuant to M.G.L. c.90 §34A, limits up to 20/40/5 (a copy is on file at the Department of Motor Vehicle)."

**BACKGROUND AND RELATED LITIGATION**

8. This action arises out of a motor vehicle incident that occurred on or about January 17, 2019 on the I-95 South nearby Exit 3, in the City of Attleboro, Bristol County, in the State of Massachusetts.

9. This matter is related to Civil Action No. 2073CV00295, wherein Plaintiff brought claims against Enterprise Rent-A-Car entities and other defendants arising from the same January 17, 2019 incident.

10. In the related action, the Enterprise Defendants obtained summary judgment pursuant to Mass. R. 56.

11. There is currently a verdict and judgment against Defendant McCormick in the related action in the amount of $3,260,880.33 for her role in the incident.

FACTUAL ALLEGATIONS

12. On January 16, 2019, Enterprise Rent-A-Car entities entered a terms of service with Shauna McCormick concerning a 2018 Kia Soul ("Subject Vehicle").

13. At the time of the rental, McCormick's driver's license was on "hold" and was subsequently suspended from January 28, 2019 to March 13, 2019.

14. Sean St. Louis had a suspended driver's license at all times in 2018 and through the date of the incident on January 17, 2019.

15. On January 17, 2019, St. Louis was operating the Subject Vehicle when he collided with the rear of a vehicle in which Maryori Conde was a back-seat passenger.

16. St. Louis was operating the Subject Vehicle in violation of M.G.L. c. 90 § 10 because he was driving with a suspended license.

17. Upon information and belief, St. Louis was driving under the influence of alcohol and/or controlled substances at the time of the collision.

18. Upon information, Defendants Liberty Mutual, Safeco, Travelers, and Crawford maintain insurance coverage that provides coverage for McCormick's errors and omissions and St. Louis' operation of the Subject Vehicle/ his errors and omissions.

**TRAVELERS COVERAGE DISPUTE**

21. Travelers Property Casualty Company of America issued Policy No. HE-EAP-474M7302-TCT-18 to Crawford Group, Inc. as the named insured, providing coverage for rental vehicle operations conducted by Enterprise entities.

22. Crawford serves as the named insured under the Travelers policy and provides adjusting services in coordination with Liberty Mutual, Safeco, and Travelers as Enterprise Liability Claims Organization "ELCO" claims management. ELCO Administrative Services is an internal claims organization that handles liability claims resulting from accidents involving Enterprise's daily rental operations and employee accidents.

23. The Travelers policy provides liability coverage with limits of $3,000,000 excess of a $2,000,000 self-insured retention (SIR), with additional coverage layers totaling up to $6,000,000 in available coverage.

24. Following demands for coverage disclosure dating back to February of 2019, Travelers (upon information through adjuster Elizabeth Borst) has systematically failed to comply with Massachusetts General Laws Chapter 175, Section 112C by refusing to disclose complete policy documentation, related policies, and policy limits.

25. On August 22, 2025, Travelers improperly denied coverage for the McCormick judgment, misinterpreting policy terms and failing to acknowledge its obligations to advance the self-insured retention and provide excess coverage.

26. In correspondence dated August 25, 2025, Plaintiff's counsel provided detailed analysis demonstrating Travelers' fundamental misunderstanding of its policy obligations and statutory duties, including: a. Travelers' failure to address ongoing violations of M.G.L. c. 175, § 112C; b. Misinterpretation of the Self-Funded Retention Endorsement which creates additional coverage rather than eliminating obligations; c. Failure to acknowledge Crawford Group, Inc.'s contractual liability as the named insured; d. Inadequate coverage analysis regarding St. Louis' operation of the rental vehicle; e. Misapplication of policy endorsements in violation of Massachusetts law on insurance policy ambiguity.

27. McCormick purchased Damage Waiver and RAP (Roadside Assistance Protection) from Crawford, creating contractual insurance obligations that extend beyond minimal statutory requirements and establishing Crawford's acceptance of premium payments in exchange for providing insurance protection.

28. Under Massachusetts law, including the recent decision in *Privilege Underwriters Reciprocal Exchange v. Callie Hilinski*, policy ambiguities must be resolved in favor of coverage, particularly regarding exclusions that diminish protection purchased by the insured.

29. Despite clear policy obligations and statutory requirements, Travelers has refused to withdraw its erroneous coverage denial, pay the judgment amount of $3,260,880.33, or advance the $2,000,000 self-insured retention.

30. Travelers' improper coverage denial has caused substantial damages, including delayed judgment satisfaction, accumulating post-judgment interest, additional legal expenses, and potential enforcement proceedings.

**LIBERTY MUTUAL AND SAFECO COVERAGE DISPUTE**

30. Liberty Mutual Insurance Company and its subsidiary Safeco Insurance Company of America maintain insurance coverage and/or surety bonds covering Enterprise entities for the January 17, 2019 incident.

31. Safeco issued Bond No. 61697690000.7 as surety, with Liberty Mutual handling claims and correspondence on behalf of Safeco throughout the matter.

32. Following demands for coverage disclosure dating back to February of 2019 (through adjuster Elizbeth Borst), Liberty Mutual and Safeco have systematically failed to comply with Massachusetts General Laws Chapter 175, Section 112C by refusing to disclose whether any insurance policies exist covering Enterprise entities, policy limits for any existing coverage, or providing verification under oath if no policies exist.

33. On August 5, 2025, Liberty Mutual's counsel issued a seven-page response that failed to address the ongoing statutory violations and continued the pattern of non-compliance with Massachusetts law.

34. In correspondence dated August 7, 2025, Plaintiff's counsel documented Liberty Mutual and Safeco's continued violations, including: a. Willful violation of the 30-day statutory disclosure requirement under M.G.L. c. 175, § 112C; b. Admission that required investigation remained incomplete after more than one month; c. Mischaracterization of the Safeco relationship despite Liberty Mutual's ownership since 2008 and announced retirement of the Safeco brand in 2026; d. Denial of coverage without adequate

investigation while simultaneously admitting investigation remained incomplete; e. Failure to acknowledge Enterprise's insurance obligations created through McCormick's purchase of Damage Waiver and RAP coverage.

35. Liberty Mutual's statement that it "will continue to review and investigate as to whether there is any remote possibility of a policy existing" constitutes an admission that the statutorily required investigation remained incomplete more than one month after initial demands.

36. Despite the clear corporate relationship between Liberty Mutual and Safeco, Liberty Mutual's counsel has attempted to artificially separate the entities while Liberty Mutual representatives handle Safeco bond claims and Liberty Mutual has announced elimination of the Safeco brand entirely by 2026.

37. The rental transaction created insurance obligations through McCormick's purchase of additional coverage (Damage Waiver and RAP), establishing both consent for coverage and insurance obligations that extend beyond minimal statutory requirements.

38. Liberty Mutual and Safeco's pattern of conduct demonstrates unreasonable delay, inadequate investigation, statutory non-compliance, misrepresentation of corporate relationships, and coverage denial without proper basis.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION (Negligent Operation of Motor Vehicle - Estate of Sean St. Louis)**

21. Plaintiff incorporates by reference all preceding paragraphs.

22. Plaintiff brings this action against the Estate of Sean St. Louis for the negligent operation of the Enterprise rental vehicle that resulted in the death of Maryori M. Conde.

23. At the time of the January 17, 2019 incident, Sean St. Louis was operating the rental vehicle with a suspended driver's license, in violation of M.G.L. c. 90 § 10.
24. St. Louis was operating the vehicle while under the influence of alcohol and/or controlled substances.
25. The Estate of Sean St. Louis is liable for the wrongful death and conscious pain and suffering of Maryori M. Conde pursuant to M.G.L. c. 229. St. Louis was grossly negligent and responsible for punitive damages and all non-economic, economic damages of any kind.

**SECOND CAUSE OF ACTION (Financial Responsibility for McCormick's Errors and Omissions - Shauna McCormick, Crawford)**

27. Plaintiff incorporates by reference all preceding paragraphs.
28. Defendants McCormick and Crawford are financially responsible for McCormick's errors and omissions that led to the January 17, 2019 incident and Maryori M. Conde's death.
29. Crawford, as the named insured under the Travelers policy and coordinator of adjusting services as "ELCO," bears responsibility for McCormick's errors and omissions through its contractual relationships and insurance obligations, to wit, the vehicle according to McCormick's deposition transcript, was used at a certain hour of evening without her permission but without her sufficient care. McCormick and Crawford were also responsible for St. Louis' errors and omissions.
30. McCormick's and Crawford's errors and omissions were a direct and proximate cause of Maryori M. Conde's death.
31. McCormick and Crawford are liable for wrongful death and conscious pain and suffering pursuant to M.G.L. c. 229.

**THIRD CAUSE OF ACTION (Declaratory Relief - Coverage Obligations - Liberty Mutual Insurance Company/Safeco)**

34. Plaintiff incorporates by reference all preceding paragraphs.

35. Upon information, Plaintiff seeks declaratory relief against Liberty Mutual regarding its obligations under insurance policies and/or surety bonds covering McCormick's errors and omissions and St. Louis' operation of the Subject Vehicle.

36. Upon information, Liberty Mutual maintains insurance coverage and/or surety bond obligations through its subsidiary Safeco that provide coverage for the January 17, 2019 incident.

37. Liberty Mutual has violated Massachusetts General Laws Chapter 175, Section 112C by failing to disclose whether insurance policies exist covering Enterprise entities, policy limits for existing coverage, or providing verification under oath regarding the existence of coverage.

38. Despite over one month of investigation, Liberty Mutual has admitted that its required investigation remains incomplete while simultaneously denying coverage without adequate basis.

39. The incident falls within the scope of coverage provided under Liberty Mutual's policies and/or bond obligations, including without limitation, coverage arising from McCormick's purchase of Damage Waiver and RAP coverage.

40. Liberty Mutual has coverage obligations for the judgment entered against McCormick in the amount of $3,262,883.94 and for St. Louis' liability and/or errors and omissions arising from his operation of the Subject Vehicle.

41. A judicial declaration is necessary to determine Liberty Mutual/Safeco's specific coverage obligations and to compel compliance with statutory disclosure requirements.

**FOURTH CAUSE OF ACTION (Declaratory Relief - Coverage Obligations - Safeco Insurance Company of America)**

42. Plaintiff incorporates by reference all preceding paragraphs.

43. Plaintiff seeks declaratory relief against Safeco regarding its obligations under Bond No. 61697690000.7 and other insurance policies covering McCormick's errors and omissions and St. Louis' operation of the Subject Vehicle.

44. Safeco issued the surety bond and maintains coverage obligations for the January 17, 2019 incident, with Liberty Mutual handling claims on Safeco's behalf.

45. Safeco has violated statutory disclosure requirements by failing to provide complete coverage information despite repeated demands.

46. The incident falls within the scope of coverage provided under Safeco's bond and/or insurance policies.

47. Safeco has coverage obligations for the judgment entered against McCormick and for St. Louis' liability.

48. A judicial declaration is necessary to determine Safeco's coverage obligations and the availability of coverage under its bond and insurance instruments.

**FIFTH CAUSE OF ACTION (Declaratory Relief - Coverage Obligations - Travelers Property Casualty Company of America)**

49. Plaintiff incorporates by reference all preceding paragraphs.

50. Plaintiff seeks declaratory relief against Travelers regarding its obligations under Policy HE-EAP-474M7302-TCT-18 to provide coverage for the January 17, 2019 incident and any other policy in effect.

51. Travelers issued liability coverage with limits up to $6,000,000 for covered incidents involving Crawford Group, Inc.'s operations.

52. The policy provides coverage for Crawford Group, Inc. as the named insured, including contractual liability arising from a certain fleet of vehicles, one of which was the Subject Vehicle.

53. The incident falls within the scope of coverage provided under the Travelers policy, including coverage for McCormick's operation of the rental vehicle and St. Louis' unauthorized use thereof, at minimum and at least up to $2,000,000.

54. Travelers has improperly denied coverage based on misinterpretation of policy endorsements and failure to acknowledge its obligations to advance the self-insured retention and provide excess coverage.

55. Travelers has violated Massachusetts General Laws Chapter 175, Section 112C by failing to disclose complete policy documentation and related coverage information beginning in February of 2019.

56. Under Massachusetts law, policy ambiguities must be resolved in favor of coverage, and Travelers' interpretation of policy exclusions violates established precedent.

57. Travelers has coverage obligations for the judgment entered against McCormick in the amount of $3,260,880.33 but at minimum, the $2,000,000 self-insured retention.

58. Travelers also has coverage obligations with respect to the errors and omissions of Sean St. Louis.

59. A judicial declaration is necessary to determine Travelers' specific coverage obligations and to compel compliance with statutory disclosure requirements.

**SIXTH CAUSE OF ACTION (Declaratory Relief - Coverage Obligations - The Crawford Group, Inc.)**

59. Plaintiff incorporates by reference all preceding paragraphs.

60. Plaintiff seeks declaratory relief against Crawford regarding its obligations as the named insured under Travelers Policy HE-EAP-474M7302-TCT-18 and its role in coordinating adjusting services as "ELCO."

61. Crawford is the named insured under the Travelers policy with coverage for operations conducted by Enterprise entities.

62. Crawford provides adjusting services in coordination with Liberty Mutual, Safeco, and Travelers as "ELCO" and bears responsibility for coverage determinations and claims handling.

63. The incident falls within the scope of coverage provided under the policis for which Crawford is the named insured.

64. Crawford has coverage obligations for the judgment entered against McCormick and for St. Louis' liability arising from the operation of the vehicle.

65. A judicial declaration is necessary to determine Crawford's specific coverage obligations and responsibilities as the named insured and coordinating adjuster.

**SIXTH CAUSE OF ACTION (Breach of Implied Covenant of Good Faith and Fair Dealing - Liberty Mutual, Safeco, Crawford, and Travelers)**

48. Plaintiff incorporates by reference all preceding paragraphs.

49. Defendants Liberty Mutual, Safeco, Crawford, and Travelers breached the implied covenant of good faith and fair dealing through their handling of coverage obligations related to the January 17, 2019 incident beginning in February of 2019.

50. Liberty Mutual and Safeco specifically breached the implied covenant through their pattern of unreasonable delay, admitting investigation remained incomplete after more than one month, statutory non-compliance, misrepresentation of corporate relationships, and denial of coverage without adequate investigation, and incomplete investigation upon information and belief since February of 2019.

51. Travelers specifically breached the implied covenant through its improper coverage denial dated August 22, 2025, misinterpretation of policy terms, and failure to advance the self-insured retention despite clear policy obligations.

52. These defendants had contractual obligations to provide coverage and to handle claims in good faith.

53. The defendants' conduct in handling coverage obligations, including systematic concealment of coverage information, improper coverage denials, and willful statutory violations, constitutes breach of the implied covenant.

54. Plaintiff suffered damages as a result of defendants' bad faith conduct, including delayed judgment satisfaction, accumulating post-judgment interest, additional legal expenses, and potential enforcement proceedings.

**SEVENTH CAUSE OF ACTION (Violation of M.G.L. c. 176D (Unfair Insurance Practices) and M.G.L. c. 93A (Consumer Protection) - Liberty Mutual, Safeco, Crawford, and Travelers)**

55. Plaintiff incorporates by reference all preceding paragraphs.

56. Defendants Liberty Mutual, Safeco, and Travelers violated Massachusetts General Laws Chapter 176D (unfair insurance practices) and Chapter 93A (consumer protection) through their unfair claims practices and bad faith claims handling.

57. Liberty Mutual, Crawford and Safeco specifically violated M.G.L. c. 175, § 112C by willfully failing to disclose policy information within the 30-day statutory requirement of February of 2019, admitting inadequate investigation while denying coverage, and misrepresenting corporate relationships to avoid obligations.

58. Travelers specifically violated M.G.L. c. 176D through unfair claims settlement practices, including misrepresenting policy provisions, failing to acknowledge coverage obligations, and improperly denying valid claims since February of 2019.

59. Travelers violated M.G.L. c. 175, § 112C by systematically failing to disclose complete policy documentation, related policies, and policy limits despite repeated demands dating back to February of 2019.

60. These defendants' conduct violated specific provisions of M.G.L. c. 176D, including unfair claims settlement practices such as misrepresenting pertinent facts or policy provisions relating to coverage at issue, failing to adopt reasonable standards for prompt investigation of claims, and not attempting in good faith to effectuate prompt, fair and equitable settlements.

61. The defendants' conduct also violated M.G.L. c. 93A by engaging in unfair and deceptive acts and practices in trade or commerce, including systematic concealment of insurance coverage, misrepresentation of policy terms, and denial of coverage without adequate investigation.

62. As a result of defendants' violations of M.G.L. c. 176D, c. 175 § 112C, and c. 93A, Plaintiff is entitled to actual damages, statutory penalties of $500 per violation plus attorney's fees under c. 175 § 112C, multiple damages under c. 93A, and costs.

**DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff Rosario Aguilar, as the representative and personal representative of the Estate of Maryori Conde, demands judgment against Defendants Liberty Mutual Insurance Company, Safeco Insurance Company of America, Travelers Property Casualty Company of America, The Crawford Group, Inc., Shauna McCormick, and the Estate of Sean St. Louis, in such amount as this Honorable Court deems meet and just, including without limitation:

A. General damages;

B. Special damages;

C. Past and future financial contributions;

D. Non-economic damages including loss of love, companionship, and comfort;

E. Punitive and exemplary damages where appropriate;

F. Attorney's fees and costs pursuant to applicable statutes;

G. The amount of the McCormick Judgment, plus an accured interest;

H. Declaratory relief regarding coverage obligations;

I. Interest and costs;

J. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues raised in this Complaint.

Dated: August 27, 2025

Respectfully submitted,

/s/ *Blake J. Lindemann*
Blake J. Lindemann (*admitted pro hac vice in related case*)
California Bar No. 255747
E-mail: blake@lawbl.com
Donna R. Dishbak
California Bar No. 259311
E-mail: donna@lawbl.com
**LINDEMANN LAW FIRM, APC**
9777 Wilshire Blvd., 4th Floor
Beverly Hills, CA 90212
Telephone No: 310-279-5269
Facsimile No: 310-300-0267

-and-

Austin Dana BBO # 683113
KECHES LAW GROUP, P.C.
101 Dyer Street Fifth Floor Providence, RI 02903
Tel: (508) 659-1065
Email: adana@kecheslaw.com

*Attorneys for Plaintiff*