**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ROSARIO AGUILAR, as Representative Of MARYORI M. CONDE and As Personal Representative Of The Estate Of MARYORI M. CONDE,

Plaintiff(s),

v.

LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Corporation; SAFECO INSURANCE COMPANY OF AMERICA, a New Hampshire Corporation; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut Corporation; THE CRAWFORD GROUP, INC., a Corporation; SHAUNA MCCORMICK, an individual; and THE ESTATE OF SEAN ST. LOUIS, Defendants.

Case No. 1:25-cv-12395-AK

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE SECOND [SIC] AMENDED COMPLAINT AND STAY PERIOD FOR THEM TO RESPOND TO FIRST AMENDED COMPLAINT**

Pursuant to Local Rule 7.1(b)(2), Plaintiff Rosario Aguilar, through counsel, hereby submits her Memorandum in Opposition to Defendants The Crawford Group, Inc. ("Crawford"), ELCO Administrative Services Company ("ELCO"), EAN Holdings, LLC ("EAN Holdings"), and EAN Trust (collectively, the "Defendants") Motion to Strike D.I.'s 49-50.

## I. INTRODUCTION

Defendants have filed a Motion to Strike Plaintiff's Second (sic) Amended Complaint that should be denied as meritless, procedurally improper, and tactically dilatory. Plaintiff filed the

Renewed First Amended Complaint ("RFAC") in compliance with this Court's November 12, 2025 Electronic Order [D.I. 43], which granted Plaintiff's unopposed Motion for Extension of Time and expressly authorized the extension of deadline to exercise the one-time right to amend pursuant to Fed. R. Civ. Proc. 15(a)(1). Defendants' belated attempt to strike a pleading authorized by court order exemplifies precisely the type of disfavored dilatory tactic that courts routinely reject under Rule 12(f).

Moreover, by filing this Motion to Strike under Rule 12(f), Defendants have exhausted their one permitted Rule 12 motion under Federal Rule of Civil Procedure 12(g)(2). The First Circuit has explicitly held that Rule 12(g) "requires consolidation of defenses" and that "a party that makes a motion under Rule 12 must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995).

This Court should therefore deny Defendants' Motion to Strike, order Defendants to answer the RFAC within 14 days pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), and bar Defendants from filing any further Rule 12 motions except as to defenses explicitly preserved under Rule 12(h)(2) and (3), none of which are anticipated.

## II. ARGUMENT

### A. Motions to Strike are Highly Disfavored and Require a Showing of Prejudice

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, motions to strike "are regarded with disfavor, in part, 'because they are often used as a delaying tactic.'" *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152

(C.D. Cal. 2003). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Id.*

"[S]triking a pleading should be sparingly used by courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *J&A Realty v. City of Asbury Park*, 763 F. Supp. 85, 87 (D.N.J. 1991) (quoting *United States v. Consolidation Coal Co.*, No. 89-2124, 1991 WL 333694 at *1 (W.D. Pa. July 5, 1991)). "If there is any doubt as to whether a matter in a pleading should be stricken, the doubt should be resolved in favor of the pleading." *Hanley v. Volpe*, 305 F. Supp. 977 (D.C. Wis. 1969).

Defendants have made no showing whatsoever of prejudice. They cannot, because Plaintiff's RFAC was filed pursuant to this Court's order, after Defendants failed to oppose Plaintiff's extension motion, and in accordance with all applicable procedural rules. Moreover, there are no pending motions or responses filed as to either the originally filed First Amended Complaint, which was filed only 20 days before the RFAC, or to the RFAC itself. No Defendant has responded to either pleading in any manner whatsoever. Defendants' claim of prejudice rings hollow when they have not lifted a finger to respond to any version of Plaintiff's amended pleading.

**B. The Renewed First Amended Complaint Was Filed in Compliance with Court Order, and Fed. R. Civ. Proc. 15**

On October 28, 2025, Plaintiff filed her First Amended Complaint. [D.I. 38]. On November 12, 2025, this Court entered its Electronic Order granting Plaintiff's unopposed Motion for Extension of Time [D.I. 36], extending the deadline from October 28, 2025 to November 17, 2025 to file an amended pleading. [D.I. 43].

Concurrently with filing the FAC, Plaintiff provided notice that she would seek to withdraw the filing and renew the filing should the Court approve the modest extension. The Court

granted Plaintiff's unopposed motion, thereby authorizing the procedure Plaintiff had outlined—that the Renewed Pleading would supplant the earlier First Amended Complaint.

Plaintiff filed the RFAC on November 17, 2025—exactly 20 days after filing the FAC and in strict conformity with this Court's order and the Federal Rules of Civil Procedure. The procedural history demonstrates:

1. Plaintiff timely moved for an extension of time to file an amended complaint and provided notice that the renewed pleading would supersede and replace the FAC;
2. Defendants did not oppose the motion;
3. The Court granted the unopposed motion and extended the deadline, thereby authorizing the filing procedure Plaintiff had described;
4. Plaintiff filed the RFAC within the extended deadline; and
5. The RFAC superseded the FAC exactly as contemplated by Plaintiff's notice filed concurrently with the FAC.

This procedural sequence reflects substantial compliance with federal civil procedure. Defendants' motion to strike effectively asks this Court to reverse its own order granting Plaintiff leave to amend—an extraordinary request that lacks any legal or factual basis.

**III. DEFENDANTS' CASES ARE INAPPOSITE AND DO NOT SUPPORT STRIKING THE RFAC**

Defendants rely on *Karle v. Southwest Credit Systems*, 2015 WL 247981 (D. Mass. Jan. 20, 2015), *Hutchins v. Cardiac Science, Inc.*, 456 F. Supp.2d 173, 195 (D.Mass.2006), and several out-of-circuit cases to argue that the RFAC should be stricken as an improperly filed second amended complaint. Each of these cases is readily distinguishable and actually supports Plaintiff's position.

**A. *Hutchins* and *Karle* Involved Unauthorized Amendments Without Court Leave or Consent**

In *Hutchins*, the plaintiff "neither attempted to obtain [defendant's] consent nor filed a motion to amend" before filing a second amended complaint. 456 F. Supp.2d at 195. The court struck the pleading because the plaintiff took no steps whatsoever to comply with Rule 15(a)(2). *Id.*

Similarly, in *Karle*, the plaintiff filed a second amended complaint "without leave of court or Defendants' consent and without conferring with Defendants as required by Local Rule 7.1." 2015 WL 247981, at *2. The court found that the plaintiff's "failure to seek leave or Defendants' consent was sufficient to strike the second amended complaint." *Id.*

Here, by stark contrast, Plaintiff did not file an unauthorized amendment. Plaintiff specifically sought and obtained this Court's leave through her Motion for Extension of Time, in which she provided clear notice concurrently therewith, that the renewed pleading would supersede the FAC. The Court granted that motion, thereby authorizing the exact procedure Plaintiff followed. Unlike the plaintiffs in *Hutchins* and *Karle*, Plaintiff complied with Rule 15(a)(2) by obtaining court authorization before filing the RFAC.

**B. The RFAC Contains No New Claims or Parties**

The cases Defendants cite all involve situations where plaintiffs attempted to add new claims, new parties, or substantially different theories without authorization. *See, e.g.*, *Love v. Mich. Prop. Res.*, 737 F. Supp. 3d 600, 604, 608 (E.D. Mich. 2024) (striking "re-filed second amended complaint" that improperly added defendants and claims without leave); *Sutton v. Penny Mac Loan Servs., LLC*, 2025 WL 342197, at *6-7 (M.D. Tenn. Jan. 27, 2025) (striking fifth

amended complaint filed "ninety-six days after filing and serving [the] fourth amended complaint" that "add[ed] Hargett and State Farm as defendants").

The RFAC is fundamentally different. It contains no new claims and no new parties. Every cause of action asserted in the RFAC was already pleaded in the FAC. Every defendant named in the RFAC was already a party to this action. The RFAC merely provides enhanced factual allegations—amplified details and additional context—in support of the same claims against the same parties that were already properly before this Court.

This critical distinction renders Defendants' cited cases inapposite. Defendants also overlook that the amendment was made to the one time right to amend which can include new allegations pursuant to Fed. R. Civ. Proc. 15(a). Courts strike unauthorized amendments when plaintiffs attempt to expand the scope of litigation by adding claims or parties without permission or without the one time right to amend. That is not what happened here. Plaintiff simply provided more detailed allegations for existing claims against existing defendants, all within the timeframe authorized by this Court's order and pursuant to Plaintiff's one time right to amend pursuant to Fed. Rule 15(a).

**C. Defendants Mischaracterize the Court's Order**

Defendants argue that the Court's November 12, 2025, order "pertained only to the First Amended Complaint" and did not authorize a "second amended complaint." (Defs.' Mem. at 4.) This argument fundamentally misunderstands what occurred.

The Court's order did not grant leave to file the FAC—the FAC had already been filed on October 28, 2025, within the one time right to amend deadline, before the Court ruled on Plaintiff's motion. Rather, the Court's order granted Plaintiff's request for additional time to file an amended pleading and exercise her one time right to amend, with Plaintiff having expressly stated in her

concurrently filed notice that this renewed pleading would supersede the FAC, and the FAC would be withdrawn. The Court approved this procedure by granting the motion.

Plaintiff did not "moot" her own motion by filing the FAC, as Defendants suggest. The motion sought time to prepare and file a renewed pleading that would replace the FAC. The Court granted that request. Plaintiff then timely filed the RFAC within the Court-authorized deadline, exactly as contemplated.

**D. The 20-Day Timeline Demonstrates the Reasonableness of Plaintiff's Conduct and Compliance with Safe Harbor Requirements**

The RFAC was filed only 20 days after the FAC. This compressed timeline demonstrates that Plaintiff was not engaged in dilatory tactics or procedural gamesmanship. Rather, Plaintiff filed the FAC on October 28 to meet the original deadline, immediately sought additional time to file an improved pleading, obtained the Court's authorization for that procedure, and filed the RFAC within the extended deadline.

Critically, Plaintiff's Motion for Extension of Time expressly stated that the additional time was necessary to comply with the safe harbor provision applicable to one of Plaintiff's claims. This represents a legitimate and important reason for the brief delay between the FAC and RFAC. Courts recognize that compliance with procedural safeguards—such as safe harbor provisions—serves important purposes and justifies reasonable delays in pleading.

Plaintiff acted responsibly by: (1) filing the FAC to meet the original deadline rather than risk default as to the motion to dismiss that was pending; (2) immediately seeking a brief extension to ensure full compliance with applicable safe harbor requirements; (3) providing clear notice to Defendants and the Court of this intention; and (4) filing the RFAC within the Court-authorized

timeframe. This conduct reflects the opposite of bad faith or dilatory motive—it demonstrates diligence and attention to procedural requirements.

This stands in stark contrast to cases like *Sutton*, where the plaintiff waited 96 days and filed multiple unauthorized amendments adding new defendants. 2025 WL 342197, at *6. Here, Plaintiff acted promptly, transparently, and for a legitimate procedural reason—compliance with safe harbor requirements.

## IV. DEFENDANTS FAIL TO IDENTIFY ANY "REDUNDANT, IMMATERIAL, IMPERTINENT, OR SCANDALOUS MATTER"

Even if the Court were to analyze the RFAC under the substantive standards of Rule 12(f)—which it should not, given that the RFAC was authorized by court order—Defendants have not identified any matter that warrants striking.

### A. The Stringent Standards for Striking Material Under Rule 12(f)

"In addition to moving to dismiss a claim or seeking a judgment on the pleadings, litigants may move to only strike specific material included in the other party's pleadings. Under Rule 12(f), however, motions to strike are limited to addressing 'an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" Because "the Court must view the pleadings in a light most favorable to the pleading party," a 12(f) motion to strike will rarely be granted. *In re 2TheMart.com, Inc. Securities Litigation*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000).

The burden on the moving party is particularly heavy. *Id.* "'Immaterial' means that the matter has no bearing on the controversy before the court.... If there is any doubt as to whether the allegations might be an issue in the action, courts will deny the motion.... 'Impertinent' has been defined as allegations that are not responsive or irrelevant to the issues that arise in the action and which are inadmissible as evidence." *Id.* (emphasis added).

"Redundant" matter consists of "allegations that constitute a needless repetition of other averments or which are foreign to the issue to be denied." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005). An "immaterial" matter "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). "Impertinent" matter consists of statements that do not pertain to and are not necessary to the issues in question. *Id.*

The difficulty in demonstrating that language in a pleading is "scandalous" and must be stricken is similarly great. In *Skadegaard v. Farrell*, 578 F.Supp. 1209 (D.N.J. 1984), the court explained that scandalous pleading for purposes of Rule 12(f) must "reflect cruelly" upon the defendant's moral character, use "repulsive language" or "detract from the dignity of the court." *Id.* at 1221. The court emphasized that to be scandalous, such "degrading charges [must] be irrelevant, or, if relevant, [must be] gone into in unnecessary detail." *Id.* While Rule 12(f) motions remain available, litigants must recognize the difficulties inherent in demonstrating that language in a pleading has absolutely "no bearing" on the case, or relies on "repulsive language." Such motions remain disfavored. *Id.*

**B. Defendants Have Not Met Their Heavy Burden**

Defendants have not identified—and cannot identify—any allegations meeting these exacting standards. Defendants' motion does not even attempt to specify which particular allegations or language in the RFAC they contend is "redundant, immaterial, impertinent, or scandalous." Instead, Defendants seek to strike the RFAC in its entirety based on a procedural argument under Rule 15(a)—an argument that fails for the reasons discussed above.

The RFAC properly alleges claims arising from this insurance coverage dispute, including Defendants' systematic concealment of over $150 million in applicable coverage that was

misrepresented to Plaintiff for six years. These allegations are central to Plaintiff's claims and have a direct and essential relationship to the relief sought. There is no doubt that these allegations "might be an issue in the action"—they are the very heart of the action. *See In re 2TheMart.com*, 114 F.Supp.2d at 965.

The differences between the FAC and RFAC consist solely of amplified allegations providing additional factual detail and context. These enhanced allegations have substantial bearing on the controversy before this Court. They are responsive and relevant to the issues in this action. They contain no "repulsive language" and do not "detract from the dignity of the court." *Skadegaard*, 578 F.Supp. at 1221. They do not constitute "needless repetition" but rather provide necessary factual support for Plaintiff's claims.

This renders Defendants' Rule 12(f) challenge particularly unsound, as there is no basis whatsoever for striking allegations that merely amplify and clarify claims already properly before this Court. Defendants have failed to carry their heavy burden of demonstrating that any language in the RFAC has absolutely "no bearing" on this case or otherwise falls within the narrow categories enumerated in Rule 12(f).

## V. THE MOTION TO STRIKE IS AN IMPROPER ATTEMPT TO CHALLENGE THE LEGAL SUFFICIENCY OF PLAINTIFF'S CLAIMS

Rule 12(f) is not the proper method to challenge the legal sufficiency of claims. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). One Circuit has made clear that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Id.* at 974-75. Were the Court to "read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading ... [it] would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule

12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose." *Id.* at 974.

While the First Circuit does not appear to have addressed this precise issue based on our research, the principle follows inexorably from Rule 12(f)'s text and purpose. Rule 12(f) authorizes striking only "redundant, immaterial, impertinent, or scandalous matter"—categories that address pleading form and propriety, not legal sufficiency. Fed. R. Civ. P. 12(f). Legal sufficiency challenges belong under Rule 56 for summary judgment. To permit Rule 12(f) to serve as a backdoor motion for summary judgment would both circumvent the consolidation requirement of Rule 12(g)(2) and render Rule 56 superfluous. Having filed their one Rule 12 motion, Defendants may now challenge the legal sufficiency of Plaintiff's claims only through a motion for summary judgment under Rule 56.

To the extent Defendants seek to challenge the legal sufficiency of Plaintiff's claims or the availability of certain remedies, Rule 56 provides the appropriate vehicle. Defendants' attempt to misuse Rule 12(f) as a substitute motion to dismiss should be rejected.

## VI. DEFENDANTS' MOTION IS A TRANSPARENT DILATORY TACTIC

The timing and circumstances of Defendants' motion reveal it as precisely the type of dilatory tactic that courts disfavor. Defendants:

1. Failed to oppose Plaintiff's motion for extension of time;
2. Acquiesced to Plaintiff's notice that the renewed pleading would supersede and replace the FAC;
3. Acquiesced to the Court's order granting the extension and thereby authorizing the filing procedure Plaintiff had outlined;

4. Filed no response whatsoever to the First Amended Complaint during the 20 days it was on file;
5. Waited until after Plaintiff filed the Court-authorized RFAC;
6. Have filed no response to the RFAC; and
7. Now seek to strike the very pleading they permitted Plaintiff to file.

This procedural gamesmanship wastes judicial resources and unfairly prejudices Plaintiff, who relied on Defendants' non-opposition and the Court's order in preparing and filing the RFAC. "Motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Federal Deposit Insurance Corp. v. Jones*, 2013 WL 3934782, at *2 (D. Nev. July 26, 2013) (*citing Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003)).

Defendants have made no such showing because no such showing is possible. Every allegation in the RFAC relates directly to the insurance coverage dispute at the heart of this litigation. Moreover, Defendants cannot credibly claim surprise or prejudice when they have not even attempted to respond to either version of Plaintiff's amended complaint. Their silence speaks volumes about the absence of any genuine prejudice.

## VII. DEFENDANTS ARE BARRED FROM FILING ADDITIONAL RULE 12 MOTIONS UNDER RULE 12(g)(2)

Federal Rule of Civil Procedure 12(g)(2) expressly prohibits the successive Rule 12 motions that Defendants threaten: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).

The First Circuit has explicitly held that Rule 12(g) "requires consolidation of defenses" and mandates that "a party that makes a motion under Rule 12 must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995). This consolidation requirement serves the vital purpose of preventing "piecemeal litigation and Rule 12 'ambushes.'" *Id.* (*citing Barbour v. Dynamics Research Corp.*, 63 F.3d 32, 37 (1st Cir. 1995)).

The text of Rule 12(g)(2) itself could not be clearer: "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). By filing the instant Motion to Strike under Rule 12(f), Defendants have made their one permitted Rule 12 motion and are now barred from filing additional Rule 12 motions asserting defenses that were available but omitted from this motion.

The only exceptions to this rule are for defenses that may be raised at any time under Rule 12(h)(2) or (3)—namely, failure to state a claim upon which relief can be granted, failure to join a necessary party under Rule 19, and lack of subject matter jurisdiction. However, even a Rule 12(b)(6) motion for failure to state a claim—while not waived under Rule 12(h)(2)—should have been consolidated with this Motion to Strike if Defendants intended to assert it. *See Rodriguez*, 57 F.3d at 1172.

Defendants' transparent strategy of filing a meritless motion to strike followed by additional Rule 12 motions violates both the letter and spirit of Rule 12(g)(2). This Court should deny the Motion to Strike and put Defendants on notice that their opportunity to file Rule 12 motions has been exhausted, except for those defenses explicitly preserved under Rule 12(h)(2) and (3).

## VIII. DEFENDANTS SHOULD BE ORDERED TO ANSWER THE RENEWED FIRST AMENDED COMPLAINT

Having exhausted their right to file Rule 12 motions by filing the instant Motion to Strike and having failed to identify any legitimate basis for striking any portion of the RFAC, Defendants should be ordered to answer the Renewed First Amended Complaint forthwith.

Rule 12(a)(4)(A) provides that if a motion under Rule 12 is denied, "the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). Once this Court denies Defendants' Motion to Strike, Defendants' time to answer will be triggered.

Moreover, Defendants' attempt to circumvent Rule 12(g)(2)'s consolidation requirement by filing successive Rule 12 motions should not be permitted to further delay this litigation. The First Circuit has emphasized that Rule 12(g)(2) exists precisely to prevent the type of piecemeal, dilatory motion practice that Defendants appear to contemplate. *See Rodriguez*, 57 F.3d at 1172; *Barbour*, 63 F.3d at 37.

Federal courts have consistently held that where defendants have filed Rule 12 motions and those motions are denied, defendants must file their answer and may not continue to file successive Rule 12 motions raising defenses that were available but omitted from their initial motion. The First Circuit's decision in *Rodriguez* makes this clear: Rule 12(g) "requires consolidation of defenses," and a party may not make successive Rule 12 motions raising defenses that were available but omitted from an earlier motion. *Rodriguez*, 57 F.3d at 1172.

Here, Defendants filed a Motion to Strike under Rule 12(f). They have now expended their one Rule 12 motion. Upon denial of this motion, Defendants must answer the RFAC and may not file additional Rule 12 motions (except for the limited defenses preserved under Rule 12(h)(2) and

(3), which in any event should have been consolidated with the instant motion if Defendants intended to assert them).

## IX. DEFENDANTS CANNOT STRIKE ALLEGATIONS WITHOUT DISCOVERY, AND NO STAY IS WARRANTED

### A. Striking Allegations Without Discovery Is Impermissible

Defendants' attempt to strike the RFAC is particularly inappropriate because they seek to eliminate factual allegations without the benefit of any discovery. Courts have consistently recognized that factual issues concerning coverage determinations cannot be resolved at the pleading stage by a motion to dismiss. *Standard Fire Ins. Co. v. Gordon*, 376 F. Supp. 2d 218, 229 (D.R.I. 2005) (denying motion to dismiss coverage determination issues because coverage determinations are factual issues generally inappropriate for resolution after finding duty to defend involved distinct factual issues from underlying tort action). *See also Aoun Specialty Ins. Co. v. Davester Corp.*, 382 F.3d 129, 134 (1st Cir. 2004) (noting that issues regarding negligence action were distinct).

Striking allegations without discovery is not permissible. *See, e.g., Henderson v. Bank of N.Y. Mellon*, 322 F.R.D. 432, 434 (D. Mass. 2017). This principle is particularly salient in insurance coverage disputes, where "factual issues concerning coverage determinations cannot be resolved at the pleading stage." Courts recognize that coverage disputes inherently involve disputed issues of fact that require discovery before any material can properly be stricken.

Here, Defendants seek to strike the RFAC in its entirety based on a procedural technicality, without engaging with the substance of Plaintiff's allegations and without conducting any discovery into the factual predicate for those allegations. The RFAC alleges that Defendants systematically concealed over $150 million in applicable insurance coverage and misrepresented

the existence of this coverage to Plaintiff for six years. These are quintessentially factual allegations that cannot be resolved by striking the pleading before discovery.

Moreover, Defendants do not—and cannot—identify any specific allegations in the RFAC that are "redundant, immaterial, impertinent, or scandalous" within the meaning of Rule 12(f). They simply seek to eliminate the entire pleading based on an erroneous procedural argument. This is precisely the type of premature striking of factual allegations that courts reject.

**B. No Stay of the Response Deadline Is Warranted**

Defendants ask this Court to "stay the time period to respond to the FAC while it decides whether the FAC or the SAC is the operative pleading." (Defs.' Mem. at 5-6.) This request should be denied for multiple reasons.

First, there is no question about which pleading is operative. The RFAC is the operative pleading. It was filed pursuant to this Court's November 12, 2025 order granting Plaintiff's Motion for Extension of Time, in which Plaintiff provided clear notice that the renewed pleading would supersede the FAC. The Court authorized this procedure by granting the motion. The RFAC therefore superseded the FAC upon filing, exactly as contemplated.

Second, by filing their Motion to Strike under Rule 12(f), Defendants have invoked Rule 12 and are not required to file a responsive pleading until this Court rules on their motion. Rule 12(a)(4)(A) expressly provides that if a motion under Rule 12 is filed, "the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). Defendants' own motion has therefore already tolled their response deadline. No separate stay is necessary or appropriate.

Third, Defendants' assertion that "it remains unclear whether the FAC or the SAC is the operative pleading" rings hollow given that Defendants themselves have responded to the RFAC

by filing this Motion to Strike. (Defs.' Mem. at 5.) By moving to strike the RFAC, Defendants have implicitly acknowledged that it is the operative pleading—otherwise there would be nothing to strike. Defendants cannot simultaneously argue that the RFAC's status is "unclear" while also asking this Court to strike it.

Fourth, Defendants' claim that "those added allegations are substantial" and would "require a substantive response if the SAC is deemed operative" is flatly contradicted by the record. (Defs.' Mem. at 6.) As discussed extensively above, the RFAC contains no new claims and no new parties. Every cause of action in the RFAC was already pleaded in the FAC. Every defendant named in the RFAC was already a party to this action. The RFAC merely provides amplified factual allegations—additional detail and context—in support of the same claims against the same parties.

To the extent Defendants refer to changes between the original Complaint removed to this Court and the FAC, those changes are not at issue in this Motion to Strike. Defendants seek to strike the RFAC, not the FAC. The relevant comparison is therefore between the FAC and the RFAC—and that comparison reveals no new claims or parties, only refinements and amplified allegations supporting the same causes of action against the same defendants already properly before this Court.

Defendants quote Plaintiff's notice stating that the renewed pleading "makes amendments that drops/adds claims, adds new allegations, adds new parties." (Defs.' Mem. at 3 (*quoting* Doc. No. 46).) But this is simply Plaintiff's pro forma description of the types of amendments Rule 15 generally contemplates—not a specific admission that the RFAC actually adds claims or parties. A review of the pleadings themselves demonstrates that no new claims or parties were added between the FAC and RFAC. The RFAC contains the same causes of action against the same defendants, with merely amplified factual allegations.

Finally, granting a stay would reward Defendants' dilatory conduct. Defendants failed to oppose Plaintiff's extension motion, acquiesced to the Court's order authorizing the RFAC, filed no response to either the FAC (during the 20 days it was on file) or the RFAC, and now seek to delay the litigation further by requesting a stay. This is precisely the type of procedural gamesmanship that Rule 12(g)(2) is designed to prevent.

For all these reasons, no stay is warranted. Upon denial of Defendants' Motion to Strike, Defendants should be ordered to answer the RFAC—the operative pleading—within 14 days pursuant to Rule 12(a)(4)(A).

## X. IN THE ALTERNATIVE, IF ANY DEFICIENCY EXISTS, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND UNDER RULE 15(a)

Even assuming *arguendo* that this Court finds any deficiency in the Renewed First Amended Complaint—which Plaintiff vigorously disputes—the appropriate remedy is to grant Plaintiff leave to amend under Federal Rule of Civil Procedure 15(a), not to strike the pleading.

Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The First Circuit has consistently emphasized that Rule 15(a) establishes a strong presumption in favor of granting leave to amend. The rule in this circuit favors deciding cases on their merits and therefore evinces a bias in favor of granting leave to amend.

Leave to amend should be denied only for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The party opposing amendment bears the burden of demonstrating why leave should be denied. *See generally Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 58 (1st Cir. 1990).

None of the *Foman* factors warrant denying leave to amend here:

**1. No Undue Delay or Dilatory Motive.** Plaintiff filed the RFAC strictly in accordance with this Court's November 12, 2025, order extending the deadline to November 17, 2025. [D.I. 43]. The RFAC was filed only 20 days after the FAC. There has been no undue delay. To the contrary, Plaintiff has acted promptly and in full compliance with court orders and procedural rules. Any perceived deficiency could be cured by a simple amendment, and Plaintiff stands ready to file such an amendment immediately upon this Court's direction.

**2. No Bad Faith.** There is no evidence whatsoever of bad faith on Plaintiff's part. Plaintiff has proceeded in good faith throughout this litigation, obtaining a court-ordered extension of time (which Defendants did not oppose) and filing the RFAC in conformity with that order.

**3. No Pattern of Failed Amendments.** This is not a case involving repeated failures to cure deficiencies through multiple amendments. The RFAC represents Plaintiff's good-faith effort to plead her claims in accordance with applicable rules and this Court's orders. Moreover, the changes between the FAC and the RFAC consist entirely of amplified allegations—no new claims were added, and no new parties were joined. The RFAC merely provides enhanced factual detail supporting the same causes of action against the same defendants that were already properly pleaded in the FAC.

**4. No Prejudice to Defendants.** Defendants cannot demonstrate any prejudice from allowing amendment. Discovery has not closed, trial has not been scheduled, and any amendment would arise from the same operative facts already at issue in this litigation—Defendants' alleged concealment of over $150 million in insurance coverage. Critically, because the RFAC contains no new claims and no new parties, but merely amplified allegations in support of existing claims, Defendants face no prejudice whatsoever. They will defend against the same claims brought by

the same plaintiff—just with more detailed factual allegations. Defendants will have full opportunity for discovery and to defend against any amended claims.

The First Circuit has made clear that "prejudice must be demonstrated" by the party opposing amendment, and the mere passage of time, without more, does not require a finding of undue delay. Here, Defendants have made no showing of prejudice whatsoever—and cannot, given that the RFAC asserts the same claims against the same parties with merely amplified factual allegations, all filed within 20 days of the FAC.

**5. Amendment Would Not Be Futile.** An amendment would not be futile. Plaintiff's claims arising from Defendants' alleged concealment of insurance coverage are well-grounded in fact and law. The RFAC already pleads viable causes of action, and any clarifying amendment would only strengthen those claims. Moreover, because the RFAC contains no new claims or parties but merely amplified allegations, there is no basis for finding futility—the claims were already properly before this Court in the FAC.

The First Circuit has recognized that district courts should be "particularly liberal" in granting leave to amend "when a motion to dismiss is granted." *Glassman*, 90 F.3d at 623. The same principle applies *a fortiori* when a court considers striking portions of a pleading—a remedy even more disfavored than dismissal. *See Neilson*, 290 F. Supp. 2d at 1152.

Moreover, the very nature of Rule 15(a) requires that courts exhibit a liberal and permissive attitude toward amendments. This is especially true where, as here, the plaintiff seeks to amend to address concerns raised for the first time in a defendant's motion, rather than persisting with demonstrably deficient pleadings. It is particularly appropriate here, where the amendment involves no new claims or parties, but merely provides additional factual detail and context for claims already properly pleaded.

The First Circuit's approach to Rule 15(a) reflects the overarching principle that cases should be "decided on the merits after an adequate development of the facts." *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1171 (1st Cir. 1995). Denying leave to amend where no *Foman* factors are present would contravene this fundamental principle and deprive Plaintiff of her day in court on claims arising from Defendants alleged six-year concealment of applicable insurance coverage.

This is especially true given that the RFAC contains the same claims against the same parties as the FAC, with merely amplified factual allegations filed only 20 days later. Striking such a pleading—or denying leave to amend to cure any perceived deficiency—would elevate form over substance and deny Plaintiff the opportunity to have her claims adjudicated on the merits.

Accordingly, should this Court find any deficiency in the RFAC—which Plaintiff submits it should not—the appropriate remedy is to grant Plaintiff leave to amend under Rule 15(a), not to strike the pleading and foreclose Plaintiff's claims.

## XI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Strike the Renewed First Amended Complaint in its entirety and order Defendants to answer the RFAC within 14 days. In the alternative, should the Court find any deficiency in the RFAC, Plaintiff respectfully requests leave to amend under Rule 15(a) and that the RFAC be deemed the operative pleading.

[*Balance of page left blank – signature page to follow*]

Respectfully submitted,

PLAINTIFF ROSARIO AGUILAR

By her attorneys

DATED: November 21, 2025

/s/ *Blake J. Lindemann*

Blake J. Lindemann (*PHV*)
California Bar No. 255747
E-mail: blake@lawbl.com
Donna R. Dishbak
California Bar No. 259311
E-mail: donna@lawbl.com
**LINDEMANN LAW FIRM, APC**
9777 Wilshire Blvd., 4th Floor
Beverly Hills, CA 90212
Telephone No: 310-279-5269
Facsimile No: 310-300-0267

-and-

Austin Dana BBO # 683113
KECHES LAW GROUP, P.C.
101 Dyer Street Fifth Floor Providence, RI 02903
Tel: (508) 659-1065
Email: adana@kecheslaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(b)(2) of the United States District Court for the District of Massachusetts, I hereby certify that this Opposition to Defendants' Motion to Strike Second (sic) Amended Complaint complies with the applicable word count limitation.

This memorandum contains approximately 6,214 words, excluding the caption, signature block, and this certificate of compliance, and therefore complies with the 12,500-word limit set forth in Local Rule 7.1(b)(2) for opposition memoranda.

*/s/ Blake J. Lindemann*
____________________________
Blake J. Lindemann

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of November, 2025, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

*/s/ Blake J. Lindemann*
______________________________
Blake J. Lindemann