**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROSARIO AGUILAR, As Representative Of MARYORI M. CONDE and As Personal Representative of The Estate of MARYORI M. CONDE,<br><br>Plaintiff,<br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF AMERICA, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, THE CRAWFORD GROUP, INC., SHAUNA MCCORMICK, THE ESTATE OF SEAN ST. LOUIS, ELCO ADMINISTRATIVE SERVICES COMPANY, THE OHIO CASUALTY INSURANCE COMPANY, AMERICAN GUARANTEE AND LIABILITY INSURANCE CO., CONTINENTAL INSURANCE CO. INDEMNITY INSURANCE CO. OF NORTH AMERICA, XL INSURANCE AMERICA, INC., EAN TRUST, EAN HOLDINGS, LLC,<br><br>Defendants. | C.A. No. 25-cv-12395-AK |

**ENTERPRISE DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SANCTIONS**

Defendants The Crawford Group, Inc., ELCO Administrative Services Company, EAN Holdings, LLC, and EAN Trust (collectively, the "Enterprise Defendants") respectfully move for sanctions against Plaintiff's counsel. The Opposition to the Enterprise Defendants' Motion to Strike, Doc. No. 51, contains fabricated quotations from non-existent cases and citations to authorities that do not support the propositions for which they are cited. This conduct is not merely careless; it is sanctionable under 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11(b), and this

Court's inherent authority. The Court should impose sanctions, including awarding attorney fees, revoking *pro hac vice* admission, and issuing an order to show cause why additional sanctions should not be imposed.

**A. The Enterprise Defendants Discover That Plaintiff's Opposition Contains Fabricated <u>Case Citations</u>.**

On Friday November 24, 2025, at approximately 4:00 p.m., the Enterprise Defendants filed their Motion to Strike Plaintiff's Second Amended Complaint ("Motion"). In a six-page brief, the Enterprise Defendants argued that because Plaintiffs already filed a First Amended Complaint by right under Rule 15 its "renewed" First Amended Complaint was a Second Amended Complaint that required leave of Court to file under Rule 15.

Less than five hours later, Plaintiff filed a fully-formed twenty-one-page opposition replete with significant case law citations and quoted passages from binding authorities ("Opposition"). Doc. No 51. The Opposition was signed by Attorney Blake Lindemann, a California attorney admitted to practice in this court *pro hac vice*, with Attorney Austin Dana of Keches Law Group serving as local counsel. Doc. Nos. 6, 8. The speed with which Attorney Lindemann filed the lengthy Opposition, along with the breadth of research, drew the Enterprise Defendants' suspicion that the Opposition may have been created using generative artificial intelligence software ("Generative AI").

Knowing that Generative AI tools "'are prone to hallucinations'" which can create fabricated cases or miscite existing cases, counsel for the Enterprise Defendants reviewed Plaintiff's citations in detail to determine their accuracy. *Perez v. Evans*, No. 24-CV-356 (VSB) (SN), 2025 WL 2726792, at *4 (S.D.N.Y. Sept. 25, 2025) (quoting *Legal ChatGPT: Tips, Prompts, and Use Cases*, American Bar Association (Mar. 21, 2025)). *See also Hall v. Acad. Charter Sch.*, No. 2:24-CV-08630-JMW, 2025 WL 2256653, at *4 (E.D.N.Y. Aug. 7, 2025) ("The appearance of

hallucinated citations in briefs generated from AI is no longer in its nascent stage. Regrettably, the number and regularity with which courts have been faced with hallucinations in court filings continues to rise both in this country and abroad."); *Mavy v. Comm'r of Soc. Sec. Admin.*, No. CV-25-00689-PHX-KML (ASB), 2025 WL 2355222, at *6 (D. Ariz. Aug. 14, 2025) (discussing Fed. R. Civ. P. 11(b) in the context of "citations to non-existing cases that were fabricated by AI [and] citations to cases that did not stand for the propositions put forth.").[1] As the Second Circuit recognized in addressing counsel's submission of a brief containing nonexistent citations:

> A fake opinion is not 'existing law' and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law. An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system.

*Park v. Kim*, 91 F.4th 610, 615-16 (2d Cir. 2024) (sanctioning attorney for submitting hallucinated caselaw created by Generative AI and referring counsel for discipline) (citation omitted).

Upon review, the Enterprise Defendants discovered that the Opposition contained nonexistent case law, quotations that did not appear in the cited authorities, and verbatim plagiarism of a pleading filed in other proceedings. The results are detailed below and in the chart compiled in the **Addendum.** Plaintiff then filed its reply brief noting the identified issues with the citations in the Opposition. Doc. No. 54. On November 25, 2025, this Court denied the Enterprise Defendants' Motion, but ordered Plaintiff to identify the operative complaint by December 1, 2025. Doc. No. 55. Thereafter, Plaintiff identified the Second Amended Complaint as the operative complaint. Doc. No. 61. Additionally, Plaintiff's counsel filed a notice of withdrawal of the Opposition without providing an explanation as to why he did so. Doc. No. 62.

---

[1] "AI hallucination is a phenomenon wherein a large language model (LLM)—often a generative AI chatbot or computer vision tool—perceives patterns or objects that are nonexistent or imperceptible to human observers, creating outputs that are nonsensical or altogether inaccurate." *Harris as next friend of RNH v. Adams*, 757 F. Supp. 3d 111, 119 n.3 (D. Mass. 2024)

Counsel for the Enterprise Defendants then reached out to Attorney Lindemann the signatory on the Opposition, to discuss the Opposition. *See* Ex. A, *Email Exchange*. Attorney Lindemann minimized the number of citation issues and offered the following explanation:

> In response to your inquiry regarding a few citations in Plaintiff's opposition, I can explain what occurred. In our haste to file before an extended vacation, we inadvertently filed an incorrect version of the opposition—specifically, a prior draft of our work product rather than the final, reduced-to-PDF document.

*Id.* Attorney Lindemann did not explain how fabricated case law and misquotations appeared throughout the "draft," did not confirm that he reviewed the citations before filing, and did not acknowledge drafting the Opposition personally. Plaintiff's counsel simply stated that the document was a "draft" and acknowledged it was filed in error.

**a. Examples of Fabricated Case Citations in the Opposition.**

**i. *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168 (1st Cir. 1995).[2]**

Plaintiff cited *Rodriguez v. Doral Mortgage Corp.,* 57 F.3d 1168 (1st Cir. 1995) seven times in the Opposition. *Rodriguez* is a real case from the First Circuit that explored federal courts' ability to enter judgment on a non-pleaded claim through implication by examining Fed. R. Civ. P. 8, 15, and 54, *id.* at 1171-74, as well as the trial court's jurisdiction over the case. *Id.* at 1174-1179. Plaintiff, however, cites *Rodriguez* for propositions absent from the case.

Plaintiff makes the following false representations to the Court regarding *Rodriguez*:

- "The First Circuit has explicitly held that Rule 12(g) 'requires consolidation of defenses' and that 'a party that makes a motion under Rule 12 must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.'" Opp. at 2 and 13 (citing *Rodriguez*, 57 F.3d at 1172);

- "This consolidation requirement serves the vital purpose of preventing 'piecemeal litigation and Rule 12 'ambushes.'" Opp. at 13 (citing

[2] A copy of Rodriguez is attached as **Exhibit B.**

*Rodriguez*, 57 F.3d at 1172 (citing *Barbour v. Dynamics Research Corp.*, 63 F.3d 32, 37 (1st Cir. 1995));

- "However, even a Rule 12(b)(6) motion for failure to state a claim—while not waived under Rule 12(h)(2)—should have been consolidated with this Motion to Strike if Defendants intended to assert it." Opp. at 13 (citing *Rodriguez*, 57 F.3d at 1172);

- "The First Circuit has emphasized that Rule 12(g)(2) exists precisely to prevent the type of piecemeal, dilatory motion practice that Defendants appear to contemplate." Opp. at 14 (citing *Rodriguez*, 57 F.3d at 1172); and

- "The First Circuit's decision in *Rodriguez* makes this clear: Rule 12(g) 'requires consolidation of defenses,' and a party may not make successive Rule 12 motions raising defenses that were available but omitted from an earlier motion." Opp. at 14 (citing *Rodriguez*, 57 F.3d at 1172).[3]

*Rodriguez* does not support any of these citations. The quoted excerpts Plaintiff attributes to *Rodriguez* do not appear anywhere in the decision, *Rodriguez* does not cite *Barbour*, and the general principle for which Plaintiff cites *Rodriguez* is absent from the case. At no time did the court discuss Fed. R. Civ. P. 12(g), the requirement to consolidate defenses, or piecemeal litigation. Put bluntly, Plaintiff simply made up the citations in *Rodriguez* to serve their own purposes.

**b. *Barbour v. Dynamics Research Corp.*, 63 F.3d 32, 37 (1st Cir. 1995).**[4]

Plaintiff cites *Barbour v. Dynamics Research Corp.*, 63 F.3d 32 (1st Cir. 1995) twice in the Opposition. *Barbour* is a real case from the First Circuit, which discussed ERISA claims and held that the plaintiff "failed to present evidence that would enable a reasonable jury to conclude that DRC's actions were motivated by a desire to interfere with … benefits." *Id.* at 42. Like *Rodriguez*, Plaintiff cites *Barbour* for rulings absent from the case.

[3] At page 21 of the Opposition Plaintiff also cites *Rodriguez* for the proposition that "The First Circuit's approach to Rule 15(a) reflects the overarching principle that cases should be 'decided on the merits after an adequate development of the facts.'" Opp. at 21 (*Rodriguez*, 57 F.3d at 1171). While not entirely accurate—the quoted language discusses the purpose of notice pleading under Rule 8(a), not amendments under Rule 15(a)—the citation could arguably be justified since the paragraph discusses pleadings generally.

[4] A copy of *Barbour* is attached as **Exhibit C.**

- "This consolidation requirement serves the vital purpose of preventing 'piecemeal litigation and Rule 12 'ambushes.'" Opp. at 13 (citing *Rodriguez*, 57 F.3d at 1172 (citing *Barbour v. Dynamics Research Corp.*, 63 F.3d 32, 37 (1st Cir. 1995)); and

- "First Circuit has emphasized that Rule 12(g)(2) exists precisely to prevent the type of piecemeal, dilatory motion practice that Defendants appear to contemplate." *See Barbour*, 63 F.3d at 37.

*Barbour*, like *Rodriguez*, does not discuss rule 12(g)(2), piecemeal litigation, or dilatory motion practice. And again, the quote Plaintiff attributes to *Barbour* regarding Rule 12 "ambushes" does not exist.

**c. *Aoun Specialty Ins. Co. v. Davester Corp.*, 382 F.3d 129, 134 (1st Cir. 2004).**

The Enterprise Defendants were unable to locate *Aoun Specialty Ins. Co. v. Davester Corp.*, 382 F.3d 129, 134 (1st Cir. 2004), cited by Plaintiff at page 15 of the Opposition. The Federal Reporter citation Plaintiff provides for *Aoun Specialty* does not exist—page 129 is not the start of any opinion. Instead, the Federal Reporter citation points to pages in the middle of the Second Circuit's decision in *Landell v. Sorrell*, 382 F.3d 91 (2d Cir. 2004). Plaintiff's citation to *Aoun Specialty* appears to be a bastardization of the name and holding in *Atain Specialty Ins. Co. v. Davester LLC*, No. 19-CV-11634-IT, 2019 WL 5087338, at *2 (D. Mass. Oct. 10, 2019), which discussed the "distinct factual and legal disputes" between a negligence claim and a duty to defend.

**d. *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49 (1st Cir. 1990).**[5]

Plaintiff cites *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49 (1st Cir. 1990) once in the Opposition for the proposition that "the party opposing amendment bears the burden of demonstrating why leave should be denied." Opp. at 18 (citing *Correa-Martinez*, 903 F.2d at 58). Again, Plaintiff's citation is not supported by the case cited. First, Plaintiff pincites page 58, but

[5] A copy of ***Correa-Martinez*** is attached as **Exhibit D.**

this page does not discuss amendments to pleadings; instead, it discusses the defendant's motion to dismiss. Second, while the Court discusses the standard to amend the pleadings later in the opinion, it recites the standard to amend, that amendments should not be permitted when futile, and denies the Plaintiff's motion to amend. At no point does *Correa-Martinez* state the proposition for which Plaintiff cites it.

**e. *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).[6]**

On page twenty of the Opposition, Plaintiff provides a short-cite to the *Glassman* case, claiming it states that "the First Circuit has recognized that district courts should be 'particularly liberal' in granting leave to amend 'when a motion to dismiss is granted.'" Opp. at 20 (citing *Glassman*, 90 F.3d at 623). Like Plaintiff's previous quotes to First Circuit decisions, these quotes do not exist.

**f. *J&A Realty v. City of Asbury Park*, 763 F. Supp. 85, 87 (D.N.J. 1991).[7]**

Plaintiff cites *J&A Realty v. City of Asbury Park*, 763 F. Supp. 85, 87 (D.N.J. 1991), a real case from the District of New Jersey, once for the proposition that:

- "[S]triking a pleading should be sparingly used by courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." Opp. at 3 (citing *J&A Realty v. City of Asbury Park*, 763 F. Supp. 85, 87 (D.N.J. 1991) (quoting *United States v. Consolidation Coal Co.*, No. 89-2124, 1991 WL 333694 at *1 (W.D. Pa. July 5, 1991)).

The quotation that Plaintiff attributes to the Court in *J&A Realty* does not appear in that case nor does the opinion cite *United States v. Consolidation Coal Co.*, No. 89-2124, 1991 WL 333694 at *1 (W.D. Pa. July 5, 1991).[8]

---

[6] A copy of *Glassman* is attached as **Exhibit E**.
[7] A copy of *J&A Realty* is attached as **Exhibit F.**
[8] To be clear the quote does appear in *Consolidation Coal*, but Plaintiff does not cite that case directly.

**g. *Henderson v. Bank of N.Y. Mellon*, 322 F.R.D. 432, 434 (D. Mass. 2017).**[9]

Plaintiff argues that "[s]triking allegations without discovery is not permissible." Opp. at 15 (citing *Henderson v. Bank of N.Y. Mellon*, 322 F.R.D. 432, 434 (D. Mass. 2017). But *Henderson* does not say that striking allegations without discovery is impermissible. Instead, the Court denied a motion to strike because the arguments raised therein should have instead been raised in the class certification opposition brief. There is nothing in *Henderson* that focuses on the lack of discovery as the reason that the motion to strike was denied or whether striking allegation before taking discovery is not permissible.

**h. *Federal Deposit Insurance Corp. v. Jones*, 2013 WL 3934782, at *2 (D. Nev. July 26, 2013) (citing *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003)).**

Plaintiff cites *Jones* for the proposition that: "Motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Opp at 12 (quoting *Jones*, 2013 WL 3934782, at *2 (further citing *Germaine Music*, 275 F. Supp. 2d at 1300)). However, the Westlaw citation Plaintiff attributes to the *Jones* case is a fabrication and does not retrieve any case when used in Westlaw.[10] On Westlaw, three opinions from the *Jones* case are available. *Fed. Deposit Ins. Corp. v. Jones*, No. 2:13-CV-168-JAD-GWF, 2014 WL 4699511, at *1 (D. Nev. Sept. 19, 2014); *Fed. Deposit Ins. Corp. v. Jones*, No. 2:13-CV-00168-GMN, 2015 WL 4275961, at *1 (D. Nev. July 14, 2015); *Fed. Deposit Ins. Corp. v. Jones*, No. 2:13-CV-168-JAD-GWF, 2015 WL 5723187, at *1 (D. Nev. Sept. 29, 2015). None of those

[9] A copy of *Henderson* is attached as **Exhibit G**.

[10] *Federal Deposit Insurance Corp. v. Jones* was an actual case in the District of Nevada, but the citation to a 2013 decision does not appear on Westlaw.

cases contains the material quoted in the brief. Nor do any of the *Jones* opinions cite to *Germaine Music*.[11]

#### i. Plaintiff's Opposition Plagiarized from a Filing in *Mattson v. Quicken Loans, Inc.* (D. Oregon)[12]

At page 8 of the Opposition, Plaintiff includes the following language in quotation marks: "In addition to moving to dismiss a claim or seeking a judgment on the pleadings, litigants may move to only strike specific material included in the other party's pleadings. Under Rule 12(f), however, motions to strike are limited to addressing 'an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" However, Plaintiff does not cite a source for this quote. The Enterprise Defendants conducted a Westlaw search for the quoted language and discovered it was lifted from an opposition to a motion to strike filed on July 27, 2018 in *Mattson v. Quicken Loans, Inc.*, 2018 WL 7506547 (D. Or.). While the Enterprise Defendants have not undertaken a complete review, at least the following additional sentences from the Opposition were also taken verbatim from the same brief:

- "Because 'the Court must view the pleadings in a light most favorable to the pleading party,' a 12(f) motion to strike will rarely be granted. *In re 2TheMart.com, Inc. Securities Litigation*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000)." Opp at 8.

- "The burden on the moving party is particularly heavy. *Id.* ''Immaterial' means that the matter has no bearing on the controversy before the court.... If there is any doubt as to whether the allegations might be an issue in the action, courts will deny the motion.... 'Impertinent' has been defined as allegations that are not responsive or irrelevant to the issues that arise in the action and which are inadmissible as evidence." Opp. at 8.

[11] Plaintiff attributes the cited language to the *Germaine Music* court. The court in *Germaine Music* did not affirmatively draft the quoted language, but cites to *Colaprico v. Sun Microsystems, Inc.,* 758 F. Supp. 1335, 1339 (N.D. Cal.1991), where the quote originated.

[12] A copy of the as-filed brief in *Mattson* is attached as **Exhibit H.**

While not hallucinations, Plaintiff's apparent use of another attorney's work without appropriate attribution further highlights the issue and raises additional questions regarding Plaintiff's citations and sources.

**B. The Inclusion of Fake Cases and Fabricated Quotes in the Opposition is Sanctionable.**

While no Court from the District of Massachusetts has addressed what sanctions are appropriate where a party submits fictitious cases and fabricated citations in a signed and filed pleading, courts "'[a]cross the country … have issued a panoply of sanctions against attorneys who submitted fake cases.'" *Fang v. Hechalou US LLC*, No. CV 25-1180 PA (JDEX), 2025 WL 3049873, at *2 (C.D. Cal. Sept. 12, 2025) (quoting *Benjamin v. Costco Wholesale Corp.,* No. 24-CV-7399, 2025 WL 1195925, at *5 (E.D.N.Y. Apr. 24, 2025). "Whether generative artificial intelligence was used or not is immaterial, what matters is that the Plaintiff[] provided the Court with a litany of inaccurate information in support of their claims." *Puerto Rico Soccer League NFP, Corp. v. Federacion Puertorriquena de Futbol*, No. CV 23-1203 (RAM), 2025 WL 1080732, at *3 (D.P.R. Apr. 10, 2025). "Submitting fictitious cases and quotations to the court degrades or impugns the integrity of the Court and interferes with the administration of justice…" *United States v. Hayes*, 763 F. Supp. 3d 1054, 1064 (E.D. Cal. 2025) (internal quotation marks and citations omitted). At bottom, counsel always "remains responsible for ensuring the filing is accurate and does not contain fabricated caselaw or quotations." *Kruglyak v. Home Depot U.S.A., Inc.*, 774 F. Supp. 3d 767, 772 (W.D. Va. 2025).

**a. Sanctions under Fed. R. Civ. P. 11.**

Courts have different sources of power to sanction attorneys for citing fictitious cases. Court may sanction under Fed. R. Civ. P. 11(b) where Attorney Lindemann, by signing and filing the Opposition, "falsely certif[ied] that he had conducted a reasonable inquiry into the facts and

the law, and that the filing's 'legal contentions' were 'warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law,'" *Oneto v. Watson*, No. 22-CV-05206-AMO, 2025 WL 2901666, at *2 (N.D. Cal. Oct. 10, 2025) (quoting Fed. R. Civ. P. 11(b)(2) (internal citation omitted)); *see also Bevins v. Colgate-Palmolive Co.*, No. 25-CV-576, 2025 WL 1085695, at *7 (E.D. Pa. Apr. 10, 2025) (counsel "violated Fed. R. Civ. P. 11(b)(2) by submitting briefs to the Court that cited case law that did not support his stated propositions and which, on their face, do not exist"); *Puerto Rico Soccer League NFP, Corp.*, 2025 WL 1080732, at *3 ("Rule 11(b)(2) provides … grounds for sanctions as Plaintiffs' counsel cannot plausibly be understood to have made reasonable inquiries to ensure their representations are well-grounded in both law and fact.") (citation omitted). Sanctions under Rule 11(b) "must be limited to what suffices to deter repetition of conduct." Fed. R. Civ. P. 11(c)(4).

**b. Sanctions through the Court Inherent Powers.**

Additionally, the Court may sanction Plaintiff's counsel through its inherent authority for submitting phantom cases. *Id.* A Court may issue "punitive sanction[s]" through its "inherent power to police itself, thus ... 'vindicat[ing] judicial authority…'" *In re Charbono,* 790 F.3d 80, 85 (1st Cir. 2015) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991)). This means that where a party cites fake cases and fabricates quotes in a filing, the Court may invoke its inherent powers to sanction the offending counsel. *Johnson v. Dunn*, 792 F. Supp. 3d 1241, 1260 (N.D. Ala. 2025) (sanctioning under the court's inherent power and noting that "on the whole the rules make clear that it is serious misconduct ever to make false statements to a court, and no one here suggests that false statements generated by AI and parroted without verification in discovery motions are allowed."); *Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enterprises, LLC*, 2025 WL 1440351, at *3 (S.D. Fla. May 20, 2025) (court has "inherent authority to sanction

the misuse of AI when it affects the Court's docket, case disposition, and ruling.”). As Judge Arias-Marxuach explained in sanctioning counsel under his inherent authority (and Rule 11) for submitting fake cases as authority to the court:

> Appropriate sanctions may include assessing “attorney's fees against counsel.” *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980). This type of fee award “may go no further than to redress the wronged party for losses sustained; it may not impose an additional amount as punishment for the sanctioned party's misbehavior.” *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017) (citation and internal question marks omitted). A properly calibrated fee award “covers the legal bills that the litigation abuse occasioned,” requiring the sanctioning court “to establish a causal link” between the misbehavior and legal fees incurred by the opposing party. *Id.*

*Puerto Rico Soccer League NFP, Corp.,* 2025 WL 1080732, at *2.

**c. Sanctions under 28 U.S.C. § 1927.**

Lastly, the Court may sanction counsel under 28 U.S.C. § 1927. Section 1927 provides that “[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.” 28 U.S.C. § 1927. Courts justify sanctions under 28 U.S.C. § 1927 to address fabricated authorities cited in court filings because such fabrications “increase the complexity of the litigation. *Versant Funding LLC*, 2025 WL 1440351, at *3 (S.D. Fla. May 20, 2025). Instead of addressing the merits of the litigation, parties, when confronted with briefs containing fabricated authorities “waste many hours responding to [that] action[]” by “determine[ing] whether [] citations were real or not.” *ByoPlanet Int'l, LLC v. Johansson*, 792 F. Supp. 3d 1341, 1356 (S.D. Fla. 2025); *Accord Benjamin,* 766 F. Supp. 3d at 422 (issuing order to “show cause … why [plaintiff counsel] should not be sanctioned pursuant to … 28 U.S.C. § 1927” for where she “cit[ed] cases that are nonexistent, or, at a minimum, [] failed to diligently cite check her submission to the Court.”).

**d. This Court May Sanction Plaintiff's Counsel Through Any or All of these Powers.**

This Court may sanction Attorney Lindemann through any or all of these sources. Attorney Lindemann, by signing the brief and filing the Opposition containing fake case citations, violated Rule 11(b). *Oneto*, 2025 WL 2901666, at *2; *Bevins*, 2025 WL 1085695, at *7; *Puerto Rico Soccer League NFP, Corp.*, 2025 WL 1080732, at *3. Likewise, the Court may sanction Plaintiff's Counsel though its inherent authority to protect the sanctity of these proceedings from filings that contain phantom cases and fictitious quotes attributed to actual cases. *In re Charbono,* 790 F.3d at 85; *Johnson,*792 F. Supp. 3d at 1260; *Versant Funding LLC,* 2025 WL 1440351, at *3*; Puerto Rico Soccer League NFP, Corp.*, 2025 WL 1080732, at *2. Finally, the Court may sanction Plaintiff's counsel under 28 U.S.C. § 1927 because the submission of the Opposition needlessly multiplied the costs of this litigation by sending the Enterprise Defendant (and this Court) on a wild goose chase to determine which cases were real and which were not.

**e. This Court Should Revoke Attorney Lindemann's *Pro Hac Vice* Admission.**

Attorney Lindemann is admitted *pro hac vice*. This is "a privilege, not a right." *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 954 (7th Cir. 2020) (citing *Leis v. Flynt*, 439 U.S. 438, 442 (1979). While this Court advises *pro hac vice* counsel that *pro hac vice* status may be revoked "at any time … for good cause without a hearing," *see* *https://www.mad.uscourts.gov/attorneys/pro-hac-vice.htm* (Last visited Dec. 4. 2025), the First Circuit has found that "some type of notice and an opportunity to respond" provides sufficient procedural protections" for counsel subject to a request to revoke *pro hac vice* admission. Here, the Enterprise Defendants can establish "good cause" to revoke Attorney Lindemann's *pro hac vice* admission because the submission of the Opposition with fake cases and fabricated quotations

violated the Massachusetts Rules of Professional Conduct, which he is subject to following his admission to practice in this action.

As an attorney admitted *pro hac vice,* Attorney Lindemann is required to abide the Massachusetts Rule of Professional Conduct. *See* L.R. 83.6.1(d). In a recent decision, Judge Davis of the Superior Court, after sanctioning an attorney for submitting fabricated and hallucinated case citations under Mass. R. Civ. P. 7 and 11, observed that "conduct in this case also may violate certain ethical obligations that all Massachusetts attorneys possess, including the obligations of Competence (Mass. Rule. Prof. C. 1.1); Diligence (Mass. Rule. Prof. C. 1.3); and Responsibilities of a Partner or Supervisory Lawyer (Mass. Rule. Prof. C. 5.1)." *Smith v. Farwell*, No. 2282CV01197, 2024 WL 4002576, at *7 n.16 (Mass. Super. Feb. 15, 2024). Building on this concept, Judge Goldenberg of the Superior Court expressly found that "[l]awyers have a duty to provide competent representation of their clients and demonstrate candor towards the tribunal. Mass. R. Prof. Conduct 1.1 & 3.3. This extends to submitting filings that accurately state the law and present arguments that support their clients' interests." *Dastou v. Holmes*, No. 2381CV02212, 2025 WL 1907624, at *1 (Mass. Super. Ct. Jan. 1, 2025). "By submitting motions and briefs that contain hallucinations and misstatements of the law, the lawyer violates their professional obligations." *Id.* And where an attorney violates the Massachusetts Rules of Professional Conduct, this Court may revoke counsel's *pro hac vice* admission. L.R. 83.6.4(a)(2).[13]

Revocation of *pro hac vice* admission has been the appropriate sanction in numerous Generative AI hallucinated case decisions. *See Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 498 (D. Wyo. 2025) (revoking *pro hac vice* admission of signer of brief that contained hallucinated

[13] The submission of fabricated citations is also prohibited in Attorney Lindemann's home state of California by the California Rules of Court, a violation of which is sanctionable. *Shayan v. Shakib*,--Cal. App. 5th--, No. B337559, 2025 WL 3443282, at *3 (Cal. Ct. App. Dec. 1, 2025); *People v. Alvarez*, 114 Cal. App. 5th 1115, 1118–19 (2025).

case citations); *Mavy*, 2025 WL 2355222, at *10 (same); *Nextpulse, LLC v. Life Fitness, LLC*, No. 22 C 3239, 2025 WL 2453720, at *4 (N.D. Ill. Mar. 7, 2025) ("The range of possible sanctions" for submitting hallucinated case citations "is broad and can include dismissal of a lawsuit, an award of attorneys' fees, censure, and revocation of *pro hac vice* admission" and concluding that "[r]evocation of [counsel]'s *pro hac vice* admission would likely be justified" but for the case's settlement); *Jakes v. Youngblood*, No. 2:24-CV-1608, 2025 WL 2371007, at *5 (W.D. Pa. June 26, 2025) (issuing order to address "the fabricated quotations and blatant misrepresentations of case law" and noted that "[p]ossible sanctions include [the] revocation of [] pro hac vice status…"); *In re Jackson Hospital & Clinic, Inc.,* --B.R.--, No. 25-30256-CLH, 2025 WL 3251167, at *17 (Bankr. M.D. Ala. Nov. 20, 2025) (revoking *pro hac vice* admission of attorney who submitted fabricated case citations to court by using Generative AI).[14]

Given Attorney Lindemann's submission of hallucinated cases and fabricated citations, the Enterprise Defendants request that his *pro hac vice* status be revoked pursuant to L.R. 83.6.4(a)(2). The Enterprise Defendants do not make this request lightly. They acknowledge that a plaintiff generally has her choice of counsel and that choice should be respected. However, given the breadth and number of fabricated case citations in the Opposition,[15] it is the Enterprise Defendants' position that sanctions are warranted, particularly since proceeding *pro hac vice* a privilege, not a

---

[14] Local counsel is also responsible for the contents of Attorney Lindemann's filings. *See Mattox v. Prod. Innovations Rsch., LLC*, No. 6:24-CV-235-JAR, 2025 WL 3012828, at *9 (E.D. Okla. Oct. 22, 2025) (revoking the ability to sponsor counsel for *pro hac vice* admission for one year and stating that "an attorney of record, regardless of degree of involvement, is accountable for the accuracy of filings submitted under his or her name."). *See also* Williams v. The Ests. LLC, 663 F. Supp. 3d 466, 478 (M.D.N.C. 2023) (finding violations of Rule 11(b)(2), (3) when an attorney served as a "rubber stamp" for *pro hac vice* attorney and failed to object to that attorney's practice of affixing his signature to filings).

[15] In connection with the Reply brief which put Plaintiff on notice that the Opposition contained fabricated citations, the Enterprise Defendants also re-reviewed counsel's *Motion to provide mandatory initial insurance disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv)*, Doc. No 32. In that memorandum, also signed by Attorney Lindemann, Plaintiff states at least four times that "The Advisory Committee Notes [for Rule 26] expressly provide that insurance agreements 'are to be disclosed without regard to the discovery moratorium.'" *See* id. at p.2, 4, 6, 8. Rule 26's Advisory Committee Notes do not contain this quoted phrase.

right." *Royce*, 950 F.3d at 954. Attorney Lindemann lost that privilege by submitting fabricated case citations to this Court in the Opposition.

**f. Plaintiffs' Counsel Withdrawal of the Opposition is Immaterial.**

To the extent that Plaintiff's counsel claims sanctions are not necessary because he acknowledged his mistake by withdrawing the offending Opposition, that argument is meritless. Plaintiff did not withdraw the Opposition until December 1, 2025—one week after the Enterprise Defendants put Plaintiff's counsel on notice through the filing of their reply brief. Doc. Nos. __, 62. This was "unnecessarily slow response to a serious misrepresentation." *Versant Funding LLC*, 2025 WL 1440351, at *5 (two weeks to withdraw filing after notice was "unnecessarily slow"). Furthermore, Plaintiff's Counsel withdrawal notice was opaque, providing the Court with no reason for the withdrawal. In a similar circumstance, the court noted in an admonition of counsel for submitting a brief with fabricated citations, that "[n]otice of [w]ithdrawal did not state why the case was being withdrawn." *Id.* Instead of withdrawing the brief in the hope the Court would never notice, Attorney Lindemann "was obligated to inform the Court that his brief contained these errors immediately upon learning that it did." *Flycatcher Corp. v. Affable Ave. LLC*, No. 24 CIV. 9429 (KPF), 2025 WL 2030059, at *2 (S.D.N.Y. July 18, 2025).

Finally, by the time Plaintiff's counsel withdrew the Opposition "significant damage already had been done." *In re Jackson Hosp. & Clinic, Inc.*, 2025 WL 3251167, at *17 (issuing sanction after offending party withdrew the filing). The Court had already denied the Enterprise Defendants' motion to strike, presumably relying on the Opposition and its contents, and the Enterprise Defendants incurred significant costs responding to the Opposition. Plaintiff's counsel withdrawal of the Opposition is, therefore, immaterial to whether this Court should impose sanctions. *Id.*; *see also Carter v. UZGlobal LLC*, No. 1:23-CV-01013-MV-JHR, 2025 WL

1786084, at *2 (D.N.M. June 27, 2025) (issuing order to show cause as to why sanctions should not be imposed for fabricated citation in withdrawn motions to compel and requiring the attorney to provide the court "PDF versions of each cited source in the response brief and withdrawn motions to compel, and identification of each source which could not be located as cited, and [d]etailed explanation of the actions of each attorney involved in the researching, drafting, editing, and submitting of the briefing in question, and [d]etailed explanation of how Plaintiffs' counsel became aware that their briefing contained problematic citations and the actions they took subsequently, and [i]dentification of any other documents submitted by Plaintiffs in this case which may contain artificially generated citations.").

### C. Conclusion.

WHEREFORE, the Court should:

1. Sanction[16] Plaintiff's counsel by awarding the Enterprise Defendants their attorneys' fees for investigating, responding to the Opposition, and filing this Motion;
2. Revoke Attorney Lindemann's *pro hac vice* admission; and
3. Issue and Order to Show Cause as to why sanctions should not be imposed.

DATED: December 5, 2025

[16] Attorney Lindemann was also recently sanctioned by the California Superior Court for his discovery conduct. *Kelly v. Bay Area Toll Auth.*, No. A164532, 2025 WL 2267679, at *7-9 (Cal. Ct. App. Aug. 8, 2025) (detailing sanctions for discovery abuse and affirming sanction of over $40,000 against Attorney Lindemann). While this case cannot be cited in California trial courts, that rule is limited to matters pending in California. *See Att'y Gen. v. Desilets,* 418 Mass. 316, 326 n.9 (1994) ("Unpublished opinions may not be cited or relied on by any court or party within the State of California."); *In The Matter Of The Liquidation Of Scottish Re (U.S.), Inc.,* No. 2019-0175-JTL, 2025 WL 3438318, at *18 (Del. Ch. Nov. 28, 2025) ("Rule 8.1115 of the California Rules of Court restricts citations to unpublished opinions in California courts. This is not a California court, and this Court does not have a similar rule.").

Respectfully submitted,

ENTERPRISE DEFENDANTS

By their attorneys,

*/s/ Michael R. Stanley*
Michael R. Stanley (BBO # 680957)
Samuel B. Goodwin (BBO # 699138)
DEMEO, LLP
66 Long Wharf
Boston, MA 02110
Tel:(617) 263-2600
mstanley@demeollp.com
sgoodwin@demeollp.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 5th day of December, 2025 the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Michael R. Stanley*

# ADDENDUM

**Citation Errors in Plaintiffs' Opposition to Defendants' Motion to Strike Second Amended Complaint**

| Cited Case(s) | Brief Page Number/Quote | Issue(s) Identified |
|---|---|---|
| ***Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)** | • **Page 2:** "The First Circuit has explicitly held that Rule 12(g) 'requires consolidation of defenses' and that 'a party that makes a motion under Rule 12 must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.' *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)" | • None of these quotes can be found within *Rodriguez*.<br><br>• *Rodriguez* does not reference Rule 12 at all and instead concerns federal courts' ability to enter judgment on a non-pleaded claim through implication by examining Rules 8, 15, and 54. |
| ***J&A Realty v. City of Asbury Park*, 763 F. Supp. 85, 87 (D.N.J. 1991)** | • **Page 3:** "'[S]triking a pleading should be sparingly used by courts. It is a drastic remedy to be resorted to only when required for the purposes of justice.' *J&A Realty v. City of Asbury Park*, 763 F. Supp. 85, 87 (D.N.J. 1991) (quoting *United States v. Consolidation Coal Co.*, No. 89-2124, 1991 WL 333694 at *1 (W.D. Pa. July 5, 1991))." | • This quote does not appear in *J&A Realty*, and *J&A Realty* does not cite to *Consolidation Coal Co*. |
| **No Case Cited (drawn from *Mattson v. Quicken Loans, Inc.*, 2018 WL 7506547 (D. Or.))** | • **Page 8:** "'In addition to moving to dismiss a claim or seeking a judgment on the pleadings, litigants may move to only strike specific material included in the other party's pleadings. Under Rule 12(f), however, motions to strike are limited to addressing 'an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" | • This portion of Plaintiff's brief is presented as a quote, but there is no citation, and this does not appear to be from any case.<br><br>• This same text, as well as the next several sentences, can all be found verbatim in a July 27, 2018 opposition to a motion to strike a second amended |

| Cited Case(s) | Brief Page Number/Quote | Issue(s) Identified |
|---|---|---|
| | | complaint filed in *Mattson v. Quicken Loans, Inc.*, 2018 WL 7506547 (D. Or.). |
| ***Federal Deposit Insurance Corp. v. Jones*, 2013 WL 3934782, at *2 (D. Nev. July 26, 2013)**<br><br>***Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003)** | • **Page 12:** "'Motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.' *Federal Deposit Insurance Corp. v. Jones*, 2013 WL 3934782, at *2 (D. Nev. July 26, 2013) (*citing Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003))" | • The Westlaw citation Plaintiff attributes to this case is a fabrication and does not retrieve any case when used in Westlaw.<br><br>• On Westlaw, three opinions from the Jones case are available, none of which contain the material quoted in Plaintiff's brief or cite to *Germaine Music*. |
| ***Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)**<br><br>***Barbour v. Dynamics Research Corp.*, 63 F.3d 32, 37 (1st Cir. 1995)** | • **Page 13:** "The First Circuit has explicitly held that Rule 12(g) 'requires consolidation of defenses' and mandates that 'a party that makes a motion under Rule 12 must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.' *Rodriguez v. Doral Mortgage Corp.*, 57 F. 3d 1168, 1172 (1st Cir. 1995). This consolidation requirement serves the vital purpose of preventing 'piecemeal litigation and Rule 12 'ambushes.'' *Id.* (*citing Barbour v. Dynamics Research Corp.*, 63 F.3d 32, 37 (1st Cir. 1995))." | • None of these quotes can be found within *Rodriguez*.<br><br>• *Rodriguez* does not reference Rule 12 at all and instead concerns federal courts' ability to enter judgment on a non-pleaded claim through implication by examining Rules 8, 15, and 54.<br><br>• *Rodriguez* does not cite to *Barbour*, and *Barbour* does not include the referenced quote. |
| ***Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)** | • **Page 13:** "However, even a Rule 12(b)(6) motion for failure to state a claim—while not waived under Rule 12(h)(2)—should | • *Rodriguez* does not support this assertion, does not reference Rule 12, and instead concerns federal courts' |

| Cited Case(s) | Brief Page Number/Quote | Issue(s) Identified |
|---|---|---|
| | have been consolidated with this Motion to Strike if Defendants intended to assert it. *See Rodriguez*, 57 F.3d at 1172." | ability to enter judgment on a non-pleaded claim through implication by examining Rules 8, 15, and 54. |
| ***Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)**<br><br>***Barbour v. Dynamics Research Corp.*, 63 F.3d 32, 37 (1st Cir. 1995)** | • **Page 14:** "The First Circuit has emphasized that Rule 12(g)(2) exists precisely to prevent the type of piecemeal, dilatory motion practice that Defendants appear to contemplate. *See Rodriguez*, 57 F.3d at 1172; *Barbour*, 63 F.3d at 37." | • *Rodriguez* does not support this assertion, does not reference Rule 12, and instead concerns federal courts' ability to enter judgment on a non-pleaded claim through implication by examining Rules 8, 15, and 54.<br><br>• *Barbour* does not support this assertion and does not discuss rule 12(g)(2), piecemeal litigation, or dilatory motion practice. |
| ***Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)** | • **Page 14:** "The First Circuit's decision in *Rodriguez* makes this clear: Rule 12(g) 'requires consolidation of defenses,' and a party may not make successive Rule 12 motions raising defenses that were available but omitted from an earlier motion. *Rodriguez*, 57 F.3d at 1172." | • None of these quotes can be found within *Rodriguez*.<br><br>• *Rodriguez* does not support this assertion, does not reference Rule 12, and instead concerns federal courts' ability to enter judgment on a non-pleaded claim through implication by examining Rules 8, 15, and 54. |
| ***Aoun Specialty Ins. Co. v. Davester Corp*, 382 F.3d 129, 134 (1st Cir. 2004)** | • **Page 15:** "Court have consistently recognized that factual issues concerning coverage determinations cannot be resolved at the pleading stage by a motion to dismiss . . . *See also Aoun Specialty Ins. Co. v. Davester Corp.*, 382 F.3d 129, 134 (1st | • This case does not exist. |

| Cited Case(s) | Brief Page Number/Quote | Issue(s) Identified |
|---|---|---|
| | Cir. 2004) (noting that issues regarding negligence action were distinct).” | |
| ***Henderson v. Bank of N.Y. Mellon*, 322 F.R.D. 432, 434 (D. Mass. 2017)** | • **Page 15:** “Striking allegations without discovery is not permissible. *See, e.g., Henderson v. Bank of N.Y. Mellon,* 322 F.R.D. 432, 434 (D. Mass. 2017).” | • This case does not say that striking allegations without discovery is impermissible. Instead, the Court denies a motion to strike because the arguments raised therein should have instead been raised in the class certification opposition brief. |
| ***Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 58 (1st Cir. 1990)** | • **Page 18:** “The party opposing amendment bears the burden of demonstrating why leave should be denied. *See generally Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 58 (1st Cir. 1990).” | • At no point does *Correa-Martinez* state the proposition for which Plaintiff cites it and, in fact, the court denies Plaintiff’s motion to amend. |
| ***Glassman*, 90 F.3d at 623** | • **Page 20: “**The First Circuit has recognized that district courts should be ‘particularly liberal’ in granting leave to amend ‘when a motion to dismiss is granted.’ *Glassman*, 90 F.3d at 623.” | • Plaintiff does not include a full citation but presumably meant to cite *Glassman v. Computervision Corp.*, 90 F.3d 617, 623. 90 F.3d 617. However, that case does not include the cited material. |