UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSARIO AGUILAR, as Representative of MARYORI M. CONDE, and as Personal Representative of The Estate of MARYORI M. CONDE,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-12395-AK |

**DEFENDANTS LIBERTY MUTUAL INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF AMERICA, AND THE OHIO CASUALTY INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S CROSS-REQUEST FOR DISCOVERY CONFERENCE AND ORDER PURSUANT TO LOCAL RULE 26.1 AND REQUEST TO DEFER RULING ON LIBERTY MUTUAL DEFENDANTS' MOTION TO DISMISS PENDING AFFIDAVIT OR PRODUCTION OF ALL POLICIES**

Defendants Liberty Mutual Insurance Company ("Liberty"), Safeco Insurance Company of America ("Safeco"), and The Ohio Casualty Insurance Company ("Ohio Security") (collectively, the "Defendants") hereby oppose the "Cross-Request for Discovery Conference and Order Pursuant to Local Rule 26.1; and Request to Defer Ruling on Liberty Mutual Defendants' Motion to Dismiss Pending Affidavit or Production of All Policies" filed by Plaintiff (Docket Entry No. 131) (the "Cross-Request").

In an effort to obtain merits-based discovery before this Court rules on several dispositive motions and decides whether to impose sanctions upon Plaintiff's counsel, including whether to revoke his *pro hac vice* admission following his serious misconduct during the pleadings stage of

this action,[1] Plaintiff asks this Court to enter an order requiring Defendants to produce an affidavit before the Court even considers Defendants' Motion to Dismiss. Such requested relief is not rooted in any law. Plaintiff fails to cite a single case, whether in this circuit or elsewhere, holding that a defendant must produce an affidavit like the one appended to the Cross-Request before a motion to dismiss is heard. Instead, Plaintiff incoherently relies on Local Rule 26.1(b) for the proposition that this Court has the discretion to enter such an order, notwithstanding the fact that this rule does not, whatsoever, provide such authority. For these reasons and those below, the Court should deny the relief requested in Plaintiff's "Cross-Request."

## I. Relevant Procedural Background

This federal court action follows a state court lawsuit that Plaintiff filed in the Bristol County Superior Court (Docket No. 2073CV00295) (the "State Court Action"). Defendants incorporate herein *Section I (Procedural and Factual Background)* of their Cross-Motion to Strike the Declaration of Blake J. Lindemann (Docket Entry No. 122) for a more complete narrative of the facts underlying the State Court Action. Ultimately, in the State Court Action, Plaintiff alleged that Maryori M. Conde ("Conde") died in a motor vehicle accident when Conde was a passenger in a vehicle that was struck by another vehicle purportedly owned by the Enterprise Defendants.[2] Plaintiff brought numerous claims against the Enterprise Defendants in the State Court Action. The Enterprise Defendants moved for summary judgment in the State Court Action, and their motions were allowed. On March 7, 2025, the State Court entered Final Judgment as to the

---

[1] *See* Docket Entry Nos. 65-66, 92, 103, 109, 126.

[2] Defendants Enterprise Holdings, Inc. and Enterprise Rent-A-Car Company of Boston consist of the "Enterprise Defendants."

Enterprise Defendants and ordered and adjudged that the claims against them be dismissed pursuant to Mass. R. Civ. P. 54(b).

Months later, on July 1, 2025, Plaintiff wrote to Liberty for the first time in connection with the subject car accident and demanded that Liberty immediately pay the judgment entered against the tortfeasor in the State Court Action. Liberty investigated the claim and informed Plaintiff, among other things, that it (i) did not have sufficient information to trigger coverage under any policy for the referenced judgment, such that it did not insure the tortfeasor, Shauna McCormick, and (ii) provided a surety bond on behalf of EAN Holdings, LLC. Liberty likewise informed Plaintiff that under the subject bond, "if a judgment is rendered against the Principal on this Bond, or against any person who, with the consent of the Principal, is responsible for the operation of the motor vehicle(s) covered under this Bond is not satisfied within 30 days, the person obtaining the judgment may, at his/her own cost, bring an action in the name of the Commonwealth of Massachusetts against the Surety." *See* **Exhibit 4** to Cross-Motion to Strike (Docket Entry No. 122).

Notably, Liberty advised Plaintiff that, because no judgment entered against the Enterprise Defendants in the State Court Action and, conversely, they were dismissed from the lawsuit, Liberty did not have sufficient information to determine whether "a judgment [has been] rendered against … any person who, with the consent of the Principal, is responsible for the operation of the motor vehicle(s) covered under this Bond." Nonetheless, Plaintiff filed the instant suit asserting sweeping claims of bad faith and coverage concealment by Defendants.

Because the claims in Plaintiff's operative pleading are not rooted in law and no judgment entered against the Enterprise Defendants, such that they were instead dismissed from the underlying suit, Defendants moved to dismiss all of the claims asserted against them in this action

on December 9, 2025. *See* Docket Entry No. 69. Plaintiff filed her Opposition to the Motion to Dismiss on January 27, 2026. *See* Docket Entry No. 104. Pursuant to Local Rule 7.1(b)(3) and this Court's January 20, 2026 Order, Defendants filed a Reply in Support of their Motion to Dismiss. *See* Docket Entry No. 104. This Court has not ruled on the Motion to Dismiss, and Plaintiff never sought leave to file any further submissions on the issues therein. *See* Docket, generally. Without any regard for this Court's procedural rules, Plaintiff then filed a "Declaration" of counsel which, *inter alia*, advanced additional and material arguments concerning the pending Motion to Dismiss, notwithstanding the fact that Plaintiff never sought leave to file it and she filed it over a month after Defendants filed their Reply. *See* Docket Entry No. 114. As a result, Defendants cross-moved to strike the Declaration on March 9, 2026. *See* Docket Entry No. 122.

Now, in response to Defendants' Cross-Motion to Strike, Plaintiff filed the instant "Cross-Request" in which she, again, makes further arguments in opposition to the Motion to Dismiss. As argued below, Plaintiff's continued pattern of completely ignoring this Court's rules and attempting to create a never-ending record for the Motion to Dismiss without leave of Court is inappropriate and should not be allowed. And while this Court should deny the "Cross-Request" for the sole reason that it improperly advances arguments without the requisite leave of court, the "Cross-Request" should be denied for the separate and dispositive reason that it seeks relief that is devoid of any legal foundation. Namely, Plaintiff ultimately asks this Court to order Defendants to execute an affidavit before the Court rules on Defendants' Motion to Dismiss declaring "(a) that no Liberty Mutual affiliate issued a primary automobile liability policy to any Enterprise-affiliated entity for the policy period September 1, 2018 to September 1, 2019; (b) that no Liberty Mutual affiliate has in its possession, custody, or control any such policy or program; (c) that the Liberty Mutual Defendants have no knowledge of the carrier, if any, corresponding to the $15,000,000

'N/A' layer; and (d) that the only instrument issued by any Liberty Mutual affiliate to any Enterprise entity for the relevant period were the Massachusetts Motor Vehicle Liability Bond … and Ohio Casualty Policy…" *See* Cross-Request at pp. 5-6. Notably, on March 12, 2026, in an effort to resolve this matter, Ohio Casualty produced its subject excess policy to Plaintiff notwithstanding the fact that (i) no judgment ever entered against the Enterprise Defendants, (ii) the Motion to Dismiss remains unresolved, and (iii) Ohio Casualty had no obligation to do so. Evidently, that was not enough for Plaintiff, and she continues to press for information that she is not entitled to and that is otherwise not discoverable at this juncture.

## II. Argument

Through Plaintiff's latest motion, *i.e.*, her "Cross-Request," she is yet again grasping at straws in an effort to force Defendants to engage in merits-based discovery when this case is in its infancy at the pleadings stage. In fact, it appears that Plaintiff seeks to compel an affidavit from Defendants because there is a likelihood that this lawsuit will be dismissed when this Court ultimately rules on the multiple dispositive motions. And, of course, this Cross-Request is certainly a last-ditch effort by Plaintiff to obtain information from Defendants before this Court decides whether to sanction Plaintiff's counsel and revoke his *pro hac vice* appearance following his pattern of serious misconduct during the few months this case has been pending. *See* Docket Entry Nos. 65-66, 92, 103, 109, 126.

As a threshold matter, this Court should not consider any argument advanced by Plaintiff in the "Cross-Request" in opposition to Defendants' Motion to Dismiss, including her newly advanced theory that the motion is not ripe for judicial resolution. Plaintiff never sought leave to file any such argument. To be sure, Plaintiff is represented by both out-of-state and local counsel,

both of whom appear to completely and *repeatedly* disregard the provisions of Local Rule 7.1(b)(3).[3]

Independent of Plaintiff's repeated procedural missteps, the "Cross-Request" fails—and should be denied—for the separate reason that her representation of Local Rule 26.1(b) is misinformed. Plaintiff contends that Local Rule 26.1(b) allows the Court to order Defendants to execute the subject affidavit before the Court rules on Defendants' Motion to Dismiss. That rule, however, provides:

> The judicial officer may order the parties to submit ***at the scheduling conference, or at any subsequent time*** the officer deems appropriate, sworn statements disclosing certain information to every other party. At the discretion of the judicial officer, this order may direct the submission of … a sworn statement from a defendant … that identifies:
>
> (A) All persons then known to the defendant or the defendant's attorneys who witnessed the transaction or occurrence giving rise to the claim or otherwise is known or believed to have substantial discoverable information about the claims or defenses, together with a statement of the subject and a brief summary of that information;
>
> (B) All opposing parties, and all officers, directors, and employees of opposing parties, from whom statements have been obtained by or on behalf of the defendant regarding the subject matter of the claims or defenses; and
>
> (C) All government agencies or officials then known to the defendant or the defendant's attorneys to have investigated the transaction or occurrence giving rise to the claims or defenses.

*See* Local Rule 26.1(b).

The rule is unambiguous, yet Plaintiff's representation of it is far from accurate. As an initial matter, this rule concerns orders that may be entered "at the scheduling conference, or at any subsequent time." No scheduling conference has occurred in this action; again, the case is in

---

[3] They also continue to ignore Local Rule 7.1(a)(2), such that the instant "Cross-Request" is just a sampling of multiple motions that Plaintiff filed without conferring with the relevant parties concerning the relief requested therein.

its infancy and multiple motions to dismiss are pending. But even if, *arguendo*, the scheduling conference had occurred, this rule does not concern the production of detailed affidavits, like the one Plaintiff seeks from Defendants. Plaintiff's representation that this rule "expressly authorizes this Court to order" the relief requested is a stretch, at best. In reality, it is a misrepresentation of the rule.

Plaintiff's request that the Court order a scheduling conference should also be denied because she has not established good cause for expedited discovery. *See Thermo Fisher Sci. Inc. v. Arthur*, No. 4:23-CV-1098 JSD, 2023 WL 6651541, at *1 (E.D. Mo. Oct. 12, 2023) (treating motion to compel Rule 26(f) participation as a motion for expedited discovery). A party seeking discovery before a Rule 26(f) conference, however, must show good cause for departing from the ordinary process. *See Lucero v. Hart*, No. 22-11846-IT, 2023 WL 349840, at *2 (D. Mass. Jan. 20, 2023). To establish good cause for expedited discovery, "the requested discovery should be narrowly tailored to address the immediate issues and asserted irreparable harm." *Jiminez v. Nielsen*, 326 F.R.D. 357, 361 (D. Mass. 2018). In this case, the expedited discovery Plaintiff seeks is not "necessary" for any pre-discovery proceeding but instead is simply a foray into standard merits discovery, which proceed by the standard timeline prescribed by the Federal Rules. *See Fluke Elecs. Corp. v. CorDEX Instruments, Inc.*, 2013 WL 566949, at *12 (W.D. Wash. Feb. 13, 2013).

At this juncture, multiple parties have moved to dismiss the claims against them. Because the dispositive motions are not yet resolved, Plaintiff cannot establish good cause to force the parties to produce discovery. *See Jeremiah M. v. Crum*, No. 3:22-CV-00129-JMK, 2022 WL 17082117, at *3 n.31 (D. Alaska Nov. 17, 2022) ("Good cause often is found lacking where, as here, the pleadings have not been resolved."). This is so because where "the pleadings and scope

of the specific claims are not settled, making it premature to make disclosures and discuss a discovery plan." *Jones v. Micron Tech. Inc.*, No. 18-CV-3805-JSW (KAW), 2019 WL 5406824, at *2 (N.D. Cal. Oct. 23, 2019); *see also Contentguard Holdings, Inc. v. ZTE Corp.*, Case No. 12cv1226-CAB (MDD), 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013) (finding no good cause to require a Rule 26(f) conference because "[u]ntil the motion to dismiss is resolved, the actual claims and defenses will be unclear. It would be inefficient and cause unnecessary expense for the parties to engage in discovery on claims that may not survive and defenses and counterclaims that may not be asserted").

As set forth in Defendants' Cross-Motion to Strike (Docket Entry No. 122), due to the current procedural posture and stature of the pleadings, Plaintiff cannot establish good cause to alter the normal cadence of discovery and compel Defendants to make initial disclosures under Rule 26(f) or otherwise produce documents, such as the subject affidavit. Notably, Ohio Casualty produced its subject excess policy, notwithstanding the fact that it had no obligation to do so, and Plaintiff now seeks even more documents and information from Defendants. Again, it cannot be overstated that no judgment entered against the Enterprise Defendants and in fact, they were dismissed from the State Court Action. This is one of the primary reasons Defendants moved to dismiss the claims against them in this action. There is simply no live controversy, and requiring Defendants to participate in discovery when the pleadings have not even been resolved is unduly burdensome and, more importantly, it is unfairly prejudicial.

Finally, and as previously articulated by Defendants in their Cross-Motion to Strike (Docket Entry No. 122), Rule 26(d)(1) expressly provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by

stipulation, or by court order." Fed. R. Civ. P. 26(a)(1). Consistent with that rule, Local Rule 16.1 requires the parties to confer under Rule 26(f) "at least 21 days before the date for the schedule conference" that the Court sets under Local Rule 16.1(a). *See* Local Rule 16.1(b). Only after that conference must the parties exchange initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(C).

Again, this procedural sequence is deliberate. The obligation to confer arises only after the Court schedules a Rule 16.1 conference. Until then, no party can be compelled to participate in a Rule 26(f) conference. Courts in this district and others have said exactly that. *See Applera Corp. v. Michigan Diagnostics, LLC*, No. 07-10547-GAO, 2007 WL 4370321, at *5 (D. Mass. Dec. 11, 2007) (denying motion to compel a Rule 26(f) conference where "a date for a scheduling conference [had yet to be] set," explaining that the parties "will confer in due course"); *see also Fecteau v. City of Mount Vernon*, No. 23 CIV. 09173 (KMK) (JCM), 2025 WL 754043, at *3 (S.D.N.Y. Mar. 10, 2025) ("The Court denies Plaintiff's request to compel a Rule 26(f) conference. Rule 26(f) provides that the parties must "confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). Since a Rule 16 conference has not been scheduled, it is premature to hold a Rule 26(f) conference."). In other words, a "[p]laintiff may not force a Rule 26(f) conference unilaterally." *Yagman v. Garcetti*, No. CV2002722DMGJEMX, 2020 WL 8125658, at *1 (C.D. Cal. Sept. 3, 2020). Plaintiff's request for same must be denied.

## III. <u>Conclusion</u>

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court DENY the relief requested in the Cross-Request for Discovery Conference and Order Pursuant to Local Rule 26.1; and Request to Defer Ruling on Liberty Mutual Defendants' Motion to Dismiss Pending Affidavit or Production of All Policies" filed by Plaintiff (Docket Entry No. 131).

Respectfully Submitted,

LIBERTY MUTUAL INSURANCE COMPANY,
SAFECO INSURANCE COMPANY OF AMERICA, and
THE OHIO CASUALTY INSURANCE COMPANY,

By their counsel,

*/s/ Kevin P. Polansky*
Kevin P. Polansky (BBO #667229)
Julianne Landry (BBO #714356)
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
p. (617) 217-4700
f. (617) 217-4710
kevin.polansky@nelsonmullins.com
julianne.landry@nelsonmullins.com

Date: April 6, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: April 6, 2026 */s/ Kevin P. Polansky*
Kevin P. Polansky