**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROSARIO AGUILAR,<br><br>Plaintiff,<br><br>v.<br><br>THE CRAWFORD GROUP, INC., LIBERTY MUTUAL INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF AMERICA, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, SHAUNA MCCORMICK, ESTATE OF SEAN ST. LOUIS, ELCO ADMINISTRATIVE SERVICES COMPANY, THE OHIO CASUALTY INSURANCE COMPANY, AMERICAN GUARANTEE AND LIABILITY INSURANCE CO., EAN TRUST, EAN HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 25-CV-12395-AK |

**MEMORANDUM AND ORDER ON DEFENDANT TRAVELERS' MOTION TO DISMISS**

**ANGEL KELLEY, D.J.**

Plaintiff Rosario Aguilar, as representative of Mayori M. Conde and as personal representative of the Estate of Mayori M. Conde, initiated the instant action due to a motor vehicle incident resulting in Ms. Conde's death. Plaintiff sued Defendant Travelers Property Casualty Company of America ("Travelers"), the Crawford Group, Inc., ELCO Administrative Services Company, EAN Holdings, LLC, EAN Trust (collectively, the "Enterprise Defendants"), additional Enterprise Defendants insurers, Shauna McCormick, and the Estate of Sean St. Louis. [Dkt. 45]. There are five claims against Travelers: Declaratory Relief and Indemnity (Count IV);

Breach of Contract (Count V); Violation of Massachusetts General Law ("M.G.L.") Chapter 93A (Count VI); Violation of M.G.L. ch. 175, § 112C (Count VIII); and Violation of M.G.L. ch. 176D (Count IX). Before the Court is the Defendant Travelers' Motion to Dismiss [Dkt. 73]. For the following reasons, Travelers' Motion to Dismiss [Dkt. 73] is **GRANTED**.

## I. BACKGROUND

The following facts are taken from the Complaint, unless noted otherwise. This action arises from a motor vehicle incident that occurred on January 17, 2019 ("the Incident"), in which St. Louis collided with the rear of a vehicle in which Ms. Conde was a back-seat passenger. Ms. Conde suffered fatal injuries from the Incident and passed away. The vehicle driven by St. Louis ("the Vehicle") was rented from Enterprise Rent-A-Car of Boston ("Enterprise Boston") by Shauna McCormick. When renting the Vehicle, McCormick purchased a Damage Waiver and Roadside Assistance Protection ("RAP").

In February 2019, Plaintiff made written demands for insurance coverage disclosures, seeking coverage for the damage caused by the Incident. Counsel representing Enterprise Boston and Enterprise Holdings allegedly informed Travelers about Plaintiff's demand.

On May 7, 2020, Plaintiff brought an action in Massachusetts Superior Court against Enterprise Boston, Enterprise Holdings, Inc., McCormick, and the driver of the Vehicle ("the State Proceeding"). [Dkts. 70-1[1]; 45 ¶ 27]. Plaintiff brought seven causes of action: wanton and reckless conduct resulting in death, conscious pain and suffering, gross negligence, negligent entrustment, violations of M.G.L. ch. 90 § 32C, driving and operating on a suspended license, and negligent supervision. [Dkt. 70-1].

---

[1] As the state court complaint is a public record, the Court may consider it on a motion to dismiss for failure to state a claim without transforming the motion to one for summary judgment. See Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) (official public records may be considered without converting motion to dismiss to motion for summary judgment).

Enterprise Boston and Enterprise Holdings moved for summary judgment, and, on February 7, 2025, the Superior Court granted their motion. [Dkt. 70-2].[2] One month later, on March 7, 2025, final judgment was entered in favor of Enterprise Boston and Enterprise Holdings. [Dkt. 70-3].[3] Subsequently, the Superior Court conducted a trial and the jury returned a verdict against McCormick totaling $3,260,880.33 ("the McCormick Judgment").

Following entry of judgment in the State Proceeding, on July 3, 2025, Plaintiff received the complete documentation associated with Travelers Policy No. HE-EAP-474M7302-TCT-18 ("the Policy"), for which the Crawford Group was the named insured. Plaintiff did not allege who provided her with the Policy. On August 22, 2025, Travelers denied coverage for the McCormick Judgment under the Policy, allegedly improperly. In an August 25, 2025 correspondence with Travelers, Plaintiff's counsel provided a legal analysis purportedly demonstrating that the Travelers Policy covered the Incident.

Seeking to recover the funds from the McCormick Judgment, Plaintiff initiated the present lawsuit in the Superior Court of the Commonwealth of Massachusetts on August 27, 2025. Two days later, the Enterprise Defendants removed the case to federal court. Following the submission of a motion to dismiss, Plaintiff amended her complaint twice. The operative complaint at this juncture is Plaintiff's Second Amended Complaint, styled as a "Renewed First Amended Complaint" ("the Complaint"). [Dkt. 45]. On December 15, 2025, Travelers filed the instant Motion to Dismiss. [Dkt. 73]. Additional Defendants filed Motions to Dismiss, which are addressed in separate opinions.

---

[2] As the state court opinion and judgment are public records, the Court may consider them on a motion to dismiss for failure to state a claim without transforming the motion to one for summary judgment. See Freeman, 714 F.3d at 36.

[3] Plaintiff appealed the judgment, and the appeal remains pending. [Dkt. 148].

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter of law. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Reading the complaint "as a whole," courts must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, courts perform a close reading of the complaint to distinguish factual allegations from conclusory legal statements. Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). Factual allegations must be accepted as true, while legal conclusions are not entitled to credit. Id. A court may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 556). However, courts need only accept well-pleaded allegations, not all allegations; "some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 557 n.5). Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" United Auto., Aero., Agric. Implement Workers of Am. Int'l Union v. Fortuño, 633 F.3d 37, 41 (1st Cir. 2011) (quoting Iqbal, 556 U.S. 662 (2009)).

On the second step, courts must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). Dismissal is appropriate when the

complaint fails to allege a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559).

## III. DISCUSSION

Travelers argues that the Complaint should be dismissed because 1) McCormick is not "an insured" under the Policy, 2) Travelers' coverage position is correct, 3) one of Plaintiff's counts does not provide a private right of action, and 4) Plaintiff did not plead that she demanded coverage from Travelers. Before turning to Travelers' arguments, the Court will address Plaintiff's threshold argument that the case should be remanded to state court.

### A. Remand

Plaintiff argues that this case should be remanded to state court under the Wilton-Brillhart doctrine. [Dkt. 93 at 3-4 (citing Brillhart v. Excess Ins. Co. of Am. 316 U.S. 491 (1942) and Wilton v. Seven Falls Co., 515 U.S. 277 (1995))]. Under the Wilton-Brillhart doctrine, federal district courts have broad authority to decide whether to exercise jurisdiction over a declaratory judgment action when there is a parallel state proceeding involving the same parties and the same issues. See Brillhart, 316 U.S. at 495 ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."); Wilton, 515 U.S. at 290 ("[T]he District Court acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court."). In the development of this doctrine, the Supreme Court has emphasized "that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even

when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton, 515 U.S. at 282 (citing Brillhart, 316 U.S. 491).

Plaintiff's argument is unavailing for two reasons. First, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Fed. R. Civ. P. 1447(c). The Crawford Group removed this action on August 29, 2025, and Plaintiff's Opposition to Travelers Motion to Dismiss was filed on January 13, 2026. As more than 30 days elapsed between the notice of removal and Plaintiff's Opposition, removal would be procedurally improper. Second, the Wilton-Brillhart doctrine applies where the same parties and same issues are present in an ongoing state proceeding. See Brillhart, 316 U.S. at 495; Wilton, 515 U.S. at 290. Travelers is not a party to the State Proceeding. Further, Plaintiff has brought multiple claims against Travelers that are not at issue in the State Proceeding. Compare [Dkt. 45] (Federal Court Complaint) with [Dkt. 70-1] (State Court Complaint). As both the issues and parties differ between the state and federal cases, the Court will not remand.

**B. Declaratory Relief and Breach of Contract – Counts IV and V**

Plaintiff brings a breach of contract claim against Travelers for its refusal to cover harms from the Incident and seeks declaratory relief establishing (1) Travelers' insurance covers the harms caused by the Incident, (2) the specific limits of coverage available from each defendant who is an insurer, (3) the priority of coverage among the defendants, and (4) that Travelers is obligated to pay the McCormick Judgment and related damages.

Plaintiff alleges that she is a third-party beneficiary of a Travelers insurance policy. An injured third-party beneficiary may only sue on an insurance contract if (1) the policy covers the

injury at issue and (2) only after securing a judgment against the insured. Martins v. Vermont Mut. Ins. Co., 92 F.4th 325, 329 (1st Cir. 2024). Plaintiff falls short at the first step.

Ascertaining the meaning of an insurance policy "is no different from the interpretation of any other contract, and [courts] must construe the words of the policy in their usual and ordinary sense." Hakim v. Mass. Insurers' Insolvency Fund, 675 N.E.2d 1161, 1164 (Mass. 1997). Ambiguities in the policy must be interpreted in favor of the insured, and exclusions are interpreted narrowly. U.S. Liab. Ins. Co. v. Benchmark Const. Servs., Inc., 797 F.3d 116, 120 (1st Cir. 2015). A court "may conclude that language is ambiguous only 'where the phraseology can support a reasonable difference of opinion as to the meaning of the words employed and the obligations undertaken.'" Surabian Realty Co. v. NGM Ins. Co., 971 N.E.2d 268, 271 (Mass. 2012) (quoting Bank v. Thermo Elemental Inc., 888 N.E.2d 897, 907 (Mass. 2008)). Ambiguities are "not created simply because a controversy exists between the parties, each favoring an interpretation contrary to the other." Boazova v. Safety Ins. Co., 968 N.E.2d 385, 390 (Mass. 2012) (citation omitted).

If the policy's language is clear and unambiguous, a court must "give effect to that language, without considering the underlying intent of the parties." Masonic Temple Ass'n of Quincy, Inc. v. Patel, 185 N.E.3d 888, 894 (Mass. 2022) (quoting Great Divide Ins. Co. v. Lexington Ins. Co., 84 N.E.3d 844, 848 (Mass. 2017)). Finally, interpreting policy language is a legal issue, and is therefore appropriate to determine on a motion to dismiss. SAS Int'l, Ltd. v. Gen. Star Indem. Co., 520 F. Supp. 3d 140, 142 (D. Mass. 2021), aff'd on other grounds, 36 F.4th 23 (1st Cir. 2022) ("The interpretation of an insurance policy is a question of law for the court.").

The relevant policy provision, here, is Endorsement 22.[4] Endorsement 22 of the Policy states:

> **EXCLUSION - RENTEES/LESSEES OR PERMISSIVE USERS**
>
> This endorsement modifies insurance provided under the following: EXCESS AUTO LIABILITY COVERAGE PART
>
> **WHO IS AN INSURED** (Section II) is amended to include the following: No coverage is provided under this insurance for:
>
> > A lessee or rentee
> > Any "employee" or agent of the lessee or rentee; and
> > Any person operating an "auto" with the permission of any of the above.

[Dkt. 74-1 at 114].

As Plaintiff acknowledges, McCormick rented the Vehicle from Enterprise Rent-A-Car. As such, McCormick was a "rentee." On the plain language of the Policy, McCormick's actions are not covered.

In opposition, Plaintiff argues that (1) the Policy is ambiguous and should be read in her favor, (2) a factual dispute regarding St. Louis precludes dismissal, and (3) Massachusetts law requires coverage for permissive users.

The Court begins with the alleged ambiguities and contradictions in the Policy. Plaintiff argues that the Policy is ambiguous because Endorsement 22 "modifies as an exclusion, only the 'EXCESS AUTO LIABILITY COVERAGE PART,' not the underlying self-insured retention obligations." [Dkt. 93 at 5]. Although the Policy initially established a self-insured retention ("SIR") of $2,000,000, [Dkt. 74-1 at 9], Endorsement 4 modifies the SIR and increased it to $3,000,000 per accident, [id. at 22]. The Policy's coverage grant states:

> We will pay "ultimate net loss" in excess of the "self-insured retention" because of "bodily injury" or "property damage" to which this insurance applies, caused

[4] As Plaintiff references the Policy in the Complaint and relies upon it for allegations, the Court can consider the Policy on at the motion to dismiss phase. Rivera, 30 F.4th at 102.

> by an accident" and resulting from the ownership, maintenance or use of a covered "auto."

[Dkt. 74-1 at 10]. The Policy also states "[t]he 'self-insured retention' is not exhausted or diminished by payment of any loss, claim or 'suit' that is not covered by this Coverage Form." [Dkt. 74-1 at 16]. Under the plain language of this definition, the SIR is only satisfied with claims that are otherwise covered under the Policy. This incorporates Endorsement 22 into the SIR obligations. Accordingly, Endorsement 22's applicability to "only the 'EXCESS AUTO LIABILITY COVERAGE PART,'" does not create any ambiguity.

Plaintiff also argues that McCormick's purchase of "Damage Waiver and RAP coverage from Crawford's rental operations . . . create[s] ambiguity about whether the rentee exclusion applies when the rentee purchased additional insurance products and when Crawford accepted premium payments in exchange for insurance protection." [Dkt. 93 at 9]. In support, Plaintiff cites to Rass Corporation v. Travelers Companies, Inc., 63 N.E.3d 40 (Mass. App. Ct. 2016) for the proposition that "an objective and reasonable policyholder would expect coverage when the insured accepted premium payments from the rentee for additional insurance protection." [Dkt. 93 at 9]. In Rass, the Massachusetts Appeals Court held that a Travelers Policy covered the plaintiff's disparagement claim arising from an email that "called into question the legal status of [the plaintiff's product]," because "viewing the policy in [the plaintiff's] favor, an objective and reasonable policyholder would expect any disparagement claim arising from those facts to be covered under the policy language." 63 N.E.3d at 50. Rass does not involve the effect of additional insurance protection, and the policy language in Rass bears no resemblance to the instant dispute. As such, Rass does not provide support for Plaintiff's argument. Plaintiff does not provide further support for the theory that contracts between Plaintiff and the Enterprise

Defendants somehow create ambiguity in an insurance policy between the Enterprise Defendants and Travelers. As such, the Court finds this argument is unavailing.

Plaintiff also argues that ambiguity is created by "the 'any auto' coverage provisions, and the insuring agreement's broad scope." [Dkt. 93 at 5]. Because Plaintiff does not explain how "the 'any auto' coverage provisions, and the insuring agreement's broad scope" create ambiguity, the Court need not address these arguments. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). [5]

Next, Plaintiff argues that the case must go to discovery because it is not clear whether St. Louis was operating the vehicle with McCormick's permission. Endorsement 22 excludes coverage for a "rentee" and "[a]ny person operating an 'auto' with the permission of [rentees]." [Dkt. 74-1 at 114]. According to Plaintiff, St. Louis may not have been using the vehicle with "permission," under the Policy, and therefore could be an insured under the contract. However, it is immaterial whether St. Louis was operating the vehicle with permission because Plaintiff must "secure a final judgment against the insured party before suing the insurer for an alleged failure to pay damages under the policy." Cubberley v. Com. Ins. Co., 249 N.E.3d 1129, 1135 (Mass. 2025); see Rogan v. Liberty Mut. Ins. Co., 25 N.E.2d 188, 189 (Mass. 1940) ("The statues affording a remedy for an injured plaintiff against an insurer issuing a liability policy require as a prerequisite to suit 'the recovery of a final judgment' against the insured

---

[5] Plaintiff also states, "[t]he dispute as to the coverage is set forth in communication that are referred to in the Complaint," and cites to "Lindermann Aff., *Exhibit 7*." [Dkt. 93 at 5-6]. As Plaintiff did not provide a docket citation to "Lindermann Aff., *Exhibit 7*," the Court is left to assume that this refers to an email exchange between Plaintiff's attorney and Travelers' attorney, attached to Plaintiff's affidavit is support of all its Oppositions the Defendants' Motions to Dismiss. [Dkt. 96-4]. It is not clear whether Plaintiff intended to incorporate the arguments in Exhibit 7 into its current motion, or whether Plaintiff was simply bringing the prior exchanges to the Court's attention. Regardless, because "a party has a duty to incorporate all relevant arguments in the papers that directly address a pending motion," the Court will not consider the legal argument in Exhibit 7 to be incorporated into the motion. Rocafort v. IBM Corp., 334 F.3d 115, 122 (1st Cir. 2003) (internal quotation marks omitted).

wrongdoer."). Plaintiff initiated this lawsuit to collect on a judgment against McCormick, not St. Louis. There was never a judgment entered against St. Louis. Therefore, Plaintiff cannot collect for his actions. Accordingly, whether McCormick gave St. Louis permission to operate the vehicle is irrelevant.

Finally, Plaintiff argues that the Policy must provide coverage for "any person responsible for the operation of the insured's motor vehicle with his express or implied consent" because such coverage is required under M.G.L. ch. 90A § 32E and ch. 175 § 113A(1). [Dkt. 93 at 6 (quoting M.G.L. ch. 90A § 34A)]. Both M.G.L. ch. 90A § 32E and ch. 175 § 113A(1) only apply to a "motor vehicle policy" as defined by M.G.L. ch. 90A § 34A. See M.G.L. ch. 90A § 32E (requiring only such "motor vehicle liability policy" as "required by the provisions of this chapter."); M.G.L. ch. 175 § 113A(1) (applies to a "motor vehicle policy as defined in section thirty-four A of chapter ninety."). An excess insurance policy is not a "motor vehicle policy" within the meaning of M.G.L. ch. 90A § 34A. See Liberty Mut. Ins. Co. v. McLaughlin, 590 N.E.2d 679, 680-81 (Mass. 1992) (holding that an umbrella policy does not need to provide uninsured motorist coverage). The Policy is an excess liability policy. Therefore, it is not a "motor vehicle policy" under M.G.L. ch. 90A § 34A and does not need to meet the coverage requirements of M.G.L. ch. 90A § 32E and ch. 175 § 113A(1).

As coverage for the McCormick Judgment is expressly excluded in the Policy, and Plaintiff does not point to any other policy which provides coverage, Plaintiff's claim for breach of contract (Count V) is dismissed. Plaintiff's declaratory relief cause of action (Count IV) is wholly derivative of the breach of contract (Count V) cause of action. Therefore, because Count V is dismissed, Count IV must necessarily be dismissed as well. Harvard St. Neighborhood Health Ctr., Inc. v. Hartford Fire Ins. Co., No. 14-CV-13649, 2015 WL 13234578, at *10 (D.

Mass. Sep. 22, 2015) ("[B]ecause the Court has concluded that [the defendant] correctly denied coverage under the Policies, dismissal of the declaratory judgment count is also warranted."). Accordingly, Counts V and IV are dismissed.

**C. M.G.L. ch. 175 § 112C – Count VIII**

Moving to Plaintiff's statutory causes of action, Plaintiff alleges that Travelers violated M.G.L. ch. 175 § 112C by failing to timely disclose insurance policies covering the Incident.

M.G.L. ch. 175 § 112C provides:

> Any insurer doing business in the commonwealth shall reveal to an injured party making claim against an insured, the amount of the limits of said insured's liability coverage, upon receiving a request in writing for such information from the injured party or his attorney.

Under this provision, injured parties or their attorneys must make the "request in writing" directly to the insurer. See Costa v. Zurich Am. Ins. Co., No. 23-CV-11594, 2024 WL 1093002, at *7 (D. Mass. Mar. 13, 2024) (plaintiff did not meet Section 112C's demand requirement by making the demand to the insured rather than the insurer). The Complaint does not allege that Plaintiff directly made the demand of Travelers. The Complaint only alleges, upon information and belief, that the Enterprise Boston or Enterprise Holding counsel informed Travelers of her demand at some time after February 2019. Because this is not a direct demand of Travelers, Plaintiff has not established a violation of Section 112C.

In opposition, Plaintiff alleges that there was an agency relationship between the Enterprise Defendants and Travelers such that Travelers may be liable for the Enterprise Defendants' failure to adequately respond to the demand. This argument is unpersuasive because Plaintiff did not allege the elements of an agency relationship between Travelers and the Enterprise Defendants. "An agency relationship is created when there is mutual consent, express or implied, that the agent is to act on behalf and for the benefit of the principal, and subject to the

principal's control." Theos & Sons, Inc. v. Mack Trucks, Inc., 729 N.E.2d 1113, 1119 (Mass. 2000) (citations omitted). There is no indication in the Complaint (1) that the Enterprise Defendants were under the control of Travelers, (2) that the Enterprise Defendants acted on behalf of and for the benefit of Travelers, or (3) that Travelers and the Enterprise Defendants agreed to such a relationship. Accordingly, Plaintiff has not pled an agency relationship between Travelers and the Enterprise Defendants. Therefore, Travelers cannot be held liable for the Enterprise Defendants' actions.

This argument also fails because M.G.L. ch. 175 § 112C's disclosure requirement only applies to primary automobile liability policies providing compulsory coverage. Xu v. Donovan, 34 Mass. L. Rptr. 312, 2017 WL 3080319, at *4-5 (Mass. June 2, 2017) ("Defendants had no duty to disclose the excess insurance policy. By statute, [Tufts Medical Center's] captive insurer had a duty to reveal to Plaintiffs 'the amount of the limits' of the insureds' liability coverage. G.L.c. 175, § 112C. That duty was satisfied when Tufts informed Plaintiffs that the defendants in the medical malpractice case each had $2.5 million in professional liability coverage."). The Policy is an excess liability policy. Therefore, M.G.L. ch. 175 § 112C's disclosure requirement does not apply to the Policy. For these reasons Count VIII is dismissed.

**D. M.G.L. ch. 93A and ch. 176D – Counts VI and IX**

The Court ends its analysis by discussing Plaintiff's claims under M.G.L. ch. 93A and ch. 176D. Plaintiff alleges that Travelers violated M.G.L. ch. 93A by "Knowingly and falsely representing (upon information the insurance entities knew about the demand for the policy information) that available coverage was limited to '20/40/5' when over $150,000,000 in coverage actually existed; b. Systematically concealing or being aware (as to the non-litigants in the state case) the existence of multiple insurance policies and coverage layers for over six years;

. . . d. Timing disclosures to impair enforcement efforts; e. Coordinating and conspiring to conceal available insurance coverage." [Dkt. 45 ¶ 95]. Because Plaintiff alleges a violation of M.G.L. ch. 176D, and violations of chapter 176D can form the basis to a chapter 93A violation, Aquino v. Pacesetter Adjustment Co., 416 F. Supp. 2d 181, 192 (D. Mass. 2005), the Court also interprets the Complaint as alleging a violation of chapter 176D through chapter 93A.

Although there is no firm rule against pleading on information and belief, courts require such allegations to be substantiated by some factual specificity. See e.g., The Hertz Corp. v. Enter. Rent-A-Car Co., 557 F. Supp. 2d 185, 195-96 (D. Mass. 2008) ("The standard on a motion to dismiss is deferential, but a court need not sheer its moorings to common sense, particularly when highly inventive assertions are pled on information and belief."); Fine v. Guardian Life Ins. Co. of Am., No. 19-CV-30067, 2021 WL 916270, at *6 (D. Mass. Mar. 10, 2021) (requiring "additional facts" where plaintiff pleaded the defendants' relationship on "information and belief"); Mass. Inst. of Tech. v. Shire PLC, No. 13-CV-10020, 2014 WL 404696, at *9 (D. Mass. Feb. 2, 2014) (plaintiff's allegation on information and belief "without any other support in from [sic] within the complaint," do not qualify as "non-conclusory, non-speculative facts from which the court can draw reasonable inferences in the plaintiff's favor."). Here, the Complaint contains conclusory allegations and allegations on information and belief of Travelers alleged misdeeds, but the Complaint does not include facts to support those assertions. [See e.g., Dkt. 45 ¶ 65, 95]. Although, the Court must accept Plaintiff's well-pleaded factual allegations, the allegations that Travelers knew about demands, concealed insurance policies, and failed to engage in settlement negotiation, without any substantiation, are "so threadbare or speculative that [they] fail to cross 'the line between the conclusory and the factual.'" Penalbert-Rosa, 631 F.3d at 595.

Finally, Count IX brings a direct claim under M.G.L. ch. 176D. However, "chapter 176D provides no private cause of action and is enforceable only by the commissioner of insurance." Thorpe v. Mut. of Omaha Ins. Co., 984 F.2d 541, 544 n.1 (1st Cir. 1993) (citing Dodd v. Commercial Union Ins. Co., 365 N.E.2d 802 (Mass. 1977)); see Salvati v. Am. Ins. Co., 855 F.3d 40, 49 (1st Cir. 2017) ("[T]o the extent that [the count] attempts to state an independent claim for recovery under [C]hapter 176D, it must fail.") (quoting M. DeMatteo Const. Co. v. Century Indem. Co., 182 F. Supp. 2d 146, 160 (D. Mass. 2001)). As Chapter 176D does not provide a private right of action, Court IX is dismissed.

## IV. CONCLUSION

For the foregoing reasons, Travelers' Motion to Dismiss [Dkt. 73] is **GRANTED**.

**SO ORDERED.**

Dated: September 2, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge