**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROSARIO AGUILAR,<br><br>Plaintiff,<br><br>v.<br><br>THE CRAWFORD GROUP, INC., LIBERTY MUTUAL INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF AMERICA, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, SHAUNA MCCORMICK, ESTATE OF SEAN ST. LOUIS, ELCO ADMINISTRATIVE SERVICES COMPANY, THE OHIO CASUALTY INSURANCE COMPANY, AMERICAN GUARANTEE AND LIABILITY INSURANCE CO., EAN TRUST, EAN HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 25-CV-12395-AK |

**MEMORANDUM AND ORDER ON**
**LIBERTY DEFENDANTS' MOTION TO DISMISS**

**ANGEL KELLEY, D.J.**

Plaintiff Rosario Aguilar, as representative of Mayori M. Conde and as personal representative of the Estate of Mayori M. Conde, initiated the instant action due to a motor vehicle incident resulting in Ms. Conde's death. Plaintiff sued Defendants Liberty Mutual Insurance Company ("Liberty"), Safeco Insurance Company of America ("Safeco"), and the Ohio Casualty Insurance Company ("Ohio Casualty") (collectively "the Liberty Defendants"), the Crawford Group, Inc., ELCO Administrative Services Company, EAN Holdings, LLC, EAN Trust (collectively, the "Enterprise Defendants"), additional Enterprise Defendants' insurers,

Shauna McCormick, and the Estate of Sean St. Louis. [Dkt. 45]. There are five claims against the Liberty Defendants: Declaratory Relief and Indemnity (Count IV); Breach of Contract (Count V); Violation of Massachusetts General Law ("M.G.L.") Chapter 93A (Count VI); Violation of M.G.L. ch. 175, § 112C (Count VIII); and Violation of M.G.L. ch. 176D (Count IX). Before the Court is the Liberty Defendants' Motion to Dismiss [Dkt. 69]. For the following reasons, the Liberty Defendants' Motion to Dismiss [Dkt. 69] is **GRANTED**.

## I. BACKGROUND

The following facts are taken from the Complaint, unless noted otherwise. This action arises from a motor vehicle incident that occurred on January 17, 2019 ("the Incident"), in which St. Louis collided with the rear of a vehicle in which Ms. Conde was a back-seat passenger. Ms. Conde suffered fatal injuries from the Incident and passed away. The vehicle driven by St. Louis ("the Vehicle") was rented from Enterprise Rent-A-Car of Boston ("Enterprise Boston") by Shauna McCormick. When renting the Vehicle, McCormick purchased a Damage Waiver and Roadside Assistance Protection.

In February 2019, Plaintiff made written demands for insurance coverage disclosures, seeking coverage for the damage caused by the Incident. Counsel representing Enterprise Boston and Enterprise Holdings allegedly informed the Liberty Defendants about Plaintiff's demand.

On May 7, 2020, Plaintiff brought an action in Massachusetts Superior Court against Enterprise Boston, Enterprise Holdings, Inc., McCormick, and the driver of the Vehicle ("the State Proceeding"). [Dkts. 70-1[1]; 45 ¶ 27]. Plaintiff brought seven causes of action: wanton and

[1] As the state court complaint is a public record, the Court may consider it on a motion to dismiss for failure to state a claim without transforming the motion to one for summary judgment. See Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) (official public records may be considered without converting motion to dismiss to motion for summary judgment).

reckless conduct resulting in death, conscious pain and suffering, gross negligence, negligent entrustment, violations of M.G.L. ch. 90 § 32C, driving and operating on a suspended license, and negligent supervision. [Dkt. 70-1].

Enterprise Boston and Enterprise Holdings moved for summary judgment, and, on February 7, 2025, the Superior Court granted their motion. [Dkt. 70-2].[2] One month later, on March 7, 2025, final judgment was entered in favor of Enterprise Boston and Enterprise Holdings. [Dkt. 70-3].[3] Subsequently, the Superior Court conducted a trial and the jury returned a verdict against McCormick totaling $3,260,880.33 ("the McCormick Judgment").

Following entry of judgment in the State Proceeding, Plaintiff had a series of communications with Kevin P. Polansky, an attorney for Liberty Mutual and Safeco. In an August 5, 2025 letter from Polansky, it was allegedly disclosed for the first time that Massachusetts Motor Vehicle Liability Bond No. 6169769 ("the Bond") was entered into by and between Enterprise Rent-A-Car Company of Boston, EAN Trust, and EAN Holdings, LLC as principals, and Safeco Insurance Company of America as surety.

On October 15, 2025, in further correspondence with Polansky, it was disclosed that The Ohio Casualty Insurance Company issued Policy No. ECO (19) 58063244 to Crawford and Enterprise Holdings, Inc., providing $25,000,000 in excess of $125,000,000 of primary limits. The October 15 letter also revealed the existence of multiple underlying insurance policies providing the $125,000,000 in primary coverage, including policies issued by American Guarantee, Continental, Indemnity, and XL Insurance. The Liberty Defendants allegedly hid the existence of these policies to avoid paying the McCormick Judgment.

---

[2] As the state court opinion and judgment are public records, the Court may consider them on a motion to dismiss for failure to state a claim without transforming the motion to one for summary judgment. See Freeman, 714 F.3d at 36.

[3] Plaintiff appealed the judgment, and the appeal remains pending. [Dkt. 148].

Seeking to recover the funds from the McCormick Judgment, Plaintiff initiated the present lawsuit in the Superior Court of the Commonwealth of Massachusetts on August 27, 2025. Two days later, the Enterprise Defendants removed the case to federal court. Following the submission of a motion to dismiss, Plaintiff amended her complaint twice. The operative complaint at this juncture is Plaintiff's Second Amended Complaint, styled as a "Renewed First Amended Complaint" ("the Complaint"). [Dkt. 45]. On December 9, 2025, the Liberty Defendants filed the instant Motion to Dismiss. [Dkt. 69]. Additional Defendants filed Motions to Dismiss, which are addressed in separate opinions.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter of law. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Reading the complaint "as a whole," courts must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, courts perform a close reading of the complaint to distinguish factual allegations from conclusory legal statements. Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). Factual allegations must be accepted as true, while legal conclusions are not entitled to credit. Id. A court may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 556). However, courts need only accept well-pleaded allegations, not all allegations; "some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir.

2011) (quoting Twombly, 550 U.S. at 557 n.5). Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" United Auto., Aero., Agric. Implement Workers of Am. Int'l Union v. Fortuño, 633 F.3d 37, 41 (1st Cir. 2011) (quoting Iqbal, 556 U.S. 662 (2009)).

On the second step, courts must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). Dismissal is appropriate when the complaint fails to allege a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559).

## III. DISCUSSION

Plaintiff brings five claims against the Liberty Defendants: Declaratory Relief and Indemnity (Count IV); Breach of Contract (Count V); Violation of M.G.L. ch. 93A (Count VI); Violation of M.G.L. ch. 175, § 112C (Count VIII); and Violation of M.G.L. ch. 176D (Count IX). The Court will address each in turn.

### A. Declaratory Relief and Breach of Contract – Counts IV and V

Plaintiff brings a breach of contract claim against the Liberty Defendants for their refusal to cover harms from the Incident and seeks declaratory relief establishing (1) the Liberty Defendants' insurance covers the harms caused by the Incident, (2) the specific limits of coverage available from each defendant who is an insurer, (3) the priority of coverage among the defendants, and (4) that the Liberty Defendants are obligated to pay the McCormick Judgment and related damages.

To state a claim for breach of contract under Massachusetts law, a plaintiff must allege that "a valid, binding contract existed, the defendant breached the terms of the contract, and the

plaintiff sustained damages as a result of the breach." Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 232 (1st Cir. 2013) (internal citation and quotation marks omitted). To avoid dismissal, "a complaint must describe the alleged terms of the contract with enough specificity to provide a defendant with the requisite notice of the nature of the claim." Foss v. Marvic, 365 F. Supp. 3d 164, 167 (D. Mass. 2019), aff'd sub nom. Foss v. Marvic, Inc., 994 F.3d 57 (1st Cir. 2021). A plaintiff must either quote specific contractual language, summarize the alleged legal effect of the contract, or attach the actual contract. Id. (citation omitted).

Where a plaintiff has not provided the contract to the court, a plaintiff must "state the nature of the alleged contract with [ ] specificity." Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996) (dismissing claim because, inter alia, plaintiff did not allege any contractual terms, when the contract was formed, the duration of the contract, or the obligations the contract imposed upon the defendant); see Lexington Ins. Co. v. Johnson Controls Fire Prot. Ltd. P'ship, 347 F. Supp. 3d 61, 66-67 (D. Mass. 2018) (pleading requirement met where plaintiff alleged relevant terms, the contracts duration, when it was formed, and explained "some of the obligations imposed on Defendant by the contract."); FabriClear, LLC v. Harvest Direct, LLC, 481 F. Supp. 3d 27, 33 (D. Mass. 2020) (pleading requirements satisfied where the plaintiff alleged that the parties entered into a contract and that the defendant breached same by failing to comply with specified terms). As to breach, a plaintiff must "do more than allege, in conclusory fashion, that the defendant breached the contract, by describing, with substantial certainty, the specific contractual promise the defendant failed to keep." Brooks v. AIG SunAm. Life Assurance Co., 480 F.3d 579, 586 (1st Cir. 2007) (citation and internal quotation marks omitted). The Complaint falls short.

The Complaint's breach of contract claim for relief states:

89. The Defendants entered into insurance contracts providing coverage as to (a) the acts and omissions of Shauna McCormick on January 16-17, 2019, (b) the acts and omissions of Sean St. Louis on January 16-17, 2019, (c) the acts and omissions of ELCO, Ean Trust, Ean Holdings in the handling, adjustment, representations regarding insurance concerning Plaintiff's claims related to the incident, (d) the obligation of the Defendants to the pay the McCormick Judgment plus any accrued amounts and/or interest.

90. Plaintiff is a third-party beneficiary of the Insurance Policies and has standing to enforce the coverage obligations.

91. The Defendants have breached their contractual obligations (or are indispensable parties) by refusing to provide coverage for the errors and omissions described, supra.

92. As a result of these breaches, Plaintiff has suffered damages including without limitation, the unpaid judgment obtained against McCormick, and significant amounts all in excess of $75,000 based on any damages awarded by a Jury in this action.

[Dkt. 45 ¶¶ 89-92].

Plaintiff does not specify which "insurance contracts" allegedly provide coverage, nor does she define the "Insurance Policies," to which she is a third-party beneficiary. The Complaint provides several possible contracts to which the Liberty Defendants were parties: (1) an Ohio Casualty contract that provided excess liability coverage to the Crawford Group and Enterprise Holdings, (2) the Bond for which Enterprise-Rent-A-Car Company of Boston, EAN Trust, and EAN Holdings were principles and Safeco was surety, and (3) additional insurance contracts that have not been provided to Plaintiff but that cover the Incident. In her motion papers, Plaintiff also seeks to hold the Liberty Defendants liable for the breach of a rental agreement between McCormick, St. Louis, and the Enterprise Defendants, even though it is not alleged that the Liberty Defendants are a party to or intended beneficiary of that contract. [Dkt. 94 at 11]. Plaintiff's Opposition also implies that she seeks to hold the Liberty Defendants liable for other insurers' policies. When averring that the Complaint "identifies the insurance policies

with substantial specificity," Plaintiff lists all the insurance policies mentioned in the Complaint, including policies issued by other insurers. Because the Complaint does not specify which contract or contracts the Liberty Defendants are alleged to have breached, Plaintiff has failed to state a breach of contract claim.

The Complaint also obfuscates how the Liberty Defendants breached these contracts. The Complaint states that "[t]he Defendants have breached their contractual obligations (or are indispensable parties) by refusing to provide coverage for the errors and omissions described, supra." [Dkt. 45 ¶ 91]. However, the Complaint never alleges that Plaintiff requested coverage from the Liberty Defendants or that the Liberty Defendants refused to provide coverage under any contract. Because Plaintiff has not specified, "with substantial certainty, the specific contractual promise the defendant failed to keep" she has failed to state a claim. Brooks, 480 F.3d at 586.

In opposition, Plaintiff argues that the Liberty Defendants should be estopped from claiming that the Bond does not provide coverage because "[t]hrough the Enterprise Defendants, the Liberty Defendants represented to the Court, or ratified such a representation, that the bond in fact covered the liability." [Dkt. 94 at 9]. However, the Complaint does not allege any facts establishing that the Liberty Defendants can be held liable for a third party's actions. Because the Complaint lacks support for Plaintiff's legal theory, this argument is unpersuasive.

While Plaintiff is correct that the plausibility standard "does not demand a showing that the claim is likely to succeed," the Complaint is not an example of "alternative pleading." [Dkt. 94 at 8 (quoting Butler v. Balolia, 736 F.3d 609, 616 (1st Cir. 2013)[4])]. The Complaint does not

[4] In her Opposition, Plaintiff provided the incorrect citation for Butler. [Dkt. 94 at 8]. Plaintiff cites the case as Butler v. Balolia, 736 F.3d 46, 52 (1st Cir. 2013) when 736 F.3d 46 is the citation for Easthampton Sav. Bank v. City of Springfield, 736 F.3d 46 (1st Cir. 2013), certified question answered, 470 Mass. 284, 21 N.E.3d 922 (2014).

specify multiple theories under which the Liberty Defendants breached a contract. Rather, it lists numerous contracts, alleges that the Liberty Defendants violated some contract, and does not specify which contract the Liberty Defendants breached or how the breach occurred. Such a complaint does not provide the Liberty Defendants with fair notice of the claims against them. Accordingly, Count V is dismissed.

Plaintiff's declaratory relief cause of action (Count IV) is wholly derivative of the breach of contract (Count V) cause of action. Therefore, because Count V was dismiss, Count IV must necessarily be dismissed as well. Harvard St. Neighborhood Health Ctr., Inc. v. Hartford Fire Ins. Co., No. 14-CV-13649, 2015 WL 13234578, at *10 (D. Mass. Sep. 22, 2015) ("[B]ecause the Court has concluded that [the defendant] correctly denied coverage under the Policies, dismissal of the declaratory judgment count is also warranted."). Accordingly, Counts V and IV are dismissed.

### B. M.G.L. ch. 175 § 112C – Count VIII

The Court next moves to Plaintiff's statutory claims. Plaintiff alleges that the Liberty Defendants violated M.G.L. ch. 175 § 112C by failing to timely disclose insurance policies covering the Incident.

M.G.L. ch. 175 § 112C provides:

> Any insurer doing business in the commonwealth shall reveal to an injured party making claim against an insured, the amount of the limits of said insured's liability coverage, upon receiving a request in writing for such information from the injured party or his attorney.

Under this provision, injured parties or their attorneys must make the "request in writing" directly to the insurer. See Costa v. Zurich Am. Ins. Co., No. 23-CV-11594, 2024 WL 1093002, at *7 (D. Mass. Mar. 13, 2024) (plaintiff did not meet Section 112C's demand requirement by making the demand to the insured rather than the insurer). Plaintiff did not allege that she or her

attorney made the demand to the Liberty Defendants. In fact, Plaintiff admits that the Complaint "alleges that demands were made and transmitted to the Liberty Defendants through counsel," and cites to paragraph 119 of the Complaint. [Dkt. 94 at 17]. Paragraph 119 states "Plaintiff made proper written demands for coverage disclosure beginning in February 2019 and continuing through September 2025, that upon information were transmitted to the insurance carriers from counsel representing EROB and Holdings." [Dkt. 45 ¶ 119]. Because Plaintiff did not allege that she or her attorney made the demand directly to the Liberty Defendants, they do not meet the requirements of M.G.L. ch. 175 § 112C.

Plaintiff has also failed to state a claim under M.G.L. ch. 175 § 112C because the statutes' disclosure requirement only applies to primary automobile liability policies providing compulsory coverage. Xu v. Donovan, 34 Mass. L. Rptr. 312, 2017 WL 3080319, at *4-5 (Mass. June 2, 2017) ("Defendants had no duty to disclose the excess insurance policy. By statute, [Tufts Medical Center's] captive insurer had a duty to reveal to Plaintiffs 'the amount of the limits' of the insureds' liability coverage. G.L.c. 175, § 112C. That duty was satisfied when Tufts informed Plaintiffs that the defendants in the medical malpractice case each had $2.5 million in professional liability coverage."). The Policy is an excess liability policy. Therefore, M.G.L. ch. 175 § 112C's disclosure requirement does not apply to the Policy. For these reasons Count VIII is dismissed.

### C. M.G.L. ch. 93A and ch. 176D – Counts VI and IX

Plaintiff alleges that the Liberty Defendants violated M.G.L. ch. 93A by "Knowingly and falsely representing (upon information the insurance entities knew about the demand for the policy information) that available coverage was limited to '20/40/5' when over $150,000,000 in coverage actually existed; b. Systematically concealing or being aware (as to the non-litigants in

the state case) the existence of multiple insurance policies and coverage layers for over six years; . . . d. Timing disclosures to impair enforcement efforts; e. Coordinating and conspiring to conceal available insurance coverage." [Dkt. 45 ¶ 95]. Because Plaintiff alleges a violation of M.G.L. ch. 176D, and violations of chapter 176D can form the basis to a chapter 93A violation, Aquino v. Pacesetter Adjustment Co., 416 F. Supp. 2d 181, 192 (D. Mass. 2005), the Court also interprets the Complaint as alleging a violation of Chapter 176D through Chapter 93A.

Although there is no firm rule against pleading on information and belief, courts require such allegations to be substantiated by some factual specificity. See e.g., The Hertz Corp. v. Enter. Rent-A-Car Co., 557 F. Supp. 2d 185, 195-96 (D. Mass. 2008) ("The standard on a motion to dismiss is deferential, but a court need not sheer its moorings to common sense, particularly when highly inventive assertions are pled on information and belief."); Fine v. Guardian Life Ins. Co. of Am., No. 19-CV-30067, 2021 WL 916270, at *6 (D. Mass. Mar. 10, 2021) (requiring "additional facts" where plaintiff plead the defendants' relationship on "information and belief"); Mass. Inst. of Tech. v. Shire PLC, No. 13-CV-10020, 2014 WL 404696, at *9 (D. Mass. Feb. 2, 2014) (plaintiff's allegation on information and belief "without any other support in from [sic] within the complaint, do not qualify as 'non-conclusory, non-speculative' facts from which the court can draw reasonable inferences in the plaintiff's favor."). The Complaint contains conclusory allegations, pleaded on information and belief, of the Liberty Defendants alleged misdeeds. [See e.g., Dkt. 45 ¶¶ 60, 65, 95]. However, there are no facts to support Plaintiff's conclusory allegations. Although the Court must accept Plaintiff's well-pleaded factual allegations, the allegations that the Liberty Defendants knew about demands, concealed insurance policies, and failed to engage in settlement negotiation, without any substantiation, are

"so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" Penalbert-Rosa, 631 F.3d at 595.

Alternatively, Plaintiff alleges that there was an agency relationship between the Enterprise Defendants and the Liberty Defendants such that, by submitting the Section 112C request to Enterprise Boston and Enterprise Holdings' counsel, she also issued the demand to the Liberty Defendants. This argument is unpersuasive because Plaintiff did not allege the elements of an agency relationship between the Liberty Defendants and either Enterprise Boston or Enterprise Holdings. "An agency relationship is created when there is mutual consent, express or implied, that the agent is to act on behalf and for the benefit of the principal, and subject to the principal's control." Theos & Sons, Inc. v. Mack Trucks, Inc., 729 N.E.2d 1113, 1119 (Mass. 2000) (citations omitted). There is no indication in the Complaint (1) that either Enterprise Boston or Enterprise Holdings were under the control of the Liberty Defendants, (2) that either Enterprise Boston or Enterprise Holdings acted on behalf of and for the benefit of the Liberty Defendants, or (3) that the Liberty Defendants and either Enterprise Boston or Enterprise Holdings agreed to such a relationship. Accordingly, Plaintiff has not pleaded an agency relationship between the Liberty Defendants and either Enterprise Boston or Enterprise Holdings. Therefore, the Liberty Defendants cannot be held liable for either Enterprise Boston or Enterprise Holdings' actions.

Finally, Count IX brings a direct claim under M.G.L. ch. 176D. However, "chapter 176D provides no private cause of action and is enforceable only by the commissioner of insurance." Thorpe v. Mut. of Omaha Ins. Co., 984 F.2d 541, 544 n.1 (1st Cir. 1993) (citing Dodd v. Commercial Union Ins. Co., 365 N.E.2d 802 (Mass. 1977)); see Salvati v. Am. Ins. Co., 855 F.3d 40, 49 (1st Cir. 2017) ("[T]o the extent that [the count] attempts to state an independent

claim for recovery under [C]hapter 176D, it must fail.") (quoting M. DeMatteo Const. Co. v. Century Indem. Co., 182 F. Supp. 2d 146, 160 (D. Mass. 2001)). As Chapter 176D does not provide a private right of action, Court IX is dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Liberty Defendants' Motion to Dismiss [Dkt. 69] is **GRANTED**.

**SO ORDERED.**

Dated: September 2, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge