**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROSARIO AGUILAR,<br><br>Plaintiff,<br><br>v.<br><br>THE CRAWFORD GROUP, INC., LIBERTY MUTUAL INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF AMERICA, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, SHAUNA MCCORMICK, ESTATE OF SEAN ST. LOUIS, ELCO ADMINISTRATIVE SERVICES COMPANY, THE OHIO CASUALTY INSURANCE COMPANY, AMERICAN GUARANTEE AND LIABILITY INSURANCE CO., EAN TRUST, EAN HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 25-CV-12395-AK |

**MEMORANDUM AND ORDER ON AMERICAN GUARANTEE AND LIABILITY INSURANCE CO.'S MOTION TO DISMISS**

**ANGEL KELLEY, D.J.**

Plaintiff Rosario Aguilar, as representative of Mayori M. Conde and as personal representative of the Estate of Mayori M. Conde, initiated the instant action due to a motor vehicle incident resulting in Ms. Conde's death. Plaintiff sued the Crawford Group, Inc., ELCO Administrative Services Company, EAN Holdings, LLC, EAN Trust (collectively, the "Enterprise Defendants"), American Guarantee and Liability Insurance Co. ("AGLIC"), additional Enterprise Defendants' insurers, Shauna McCormick, and the Estate of Sean St. Louis. [Dkt. 45]. There are five claims against AGLIC: Declaratory Relief and Indemnity (Count IV);

Breach of Contract (Count V); Violation of Massachusetts General Law ("M.G.L.") Chapter 93A (Count VI); Violation of M.G.L. ch. 175, § 112C (Count VIII); and Violation of M.G.L. ch. 176D (Count IX). Before the Court is AGLIC' Motion to Dismiss [Dkt. 136]. For the following reasons, AGLIC's Motion to Dismiss [Dkt. 136] is **GRANTED**.

## I. BACKGROUND

The following facts are taken from the Complaint, unless noted otherwise. This action arises from a motor vehicle incident that occurred on January 17, 2019 ("the Incident"), in which St. Louis collided with the rear of a vehicle in which Ms. Conde was a back-seat passenger. Ms. Conde suffered fatal injuries from the Incident and passed away. The vehicle driven by St. Louis ("the Vehicle") was rented from Enterprise Rent-A-Car of Boston ("Enterprise Boston") by Shauna McCormick. When renting the Vehicle, McCormick purchased a Damage Waiver and Roadside Assistance Protection ("RAP").

In February 2019, Plaintiff made written demands for insurance coverage disclosures, seeking coverage for the damage caused by the Incident. Counsel representing Enterprise Boston and Enterprise Holdings allegedly informed AGLIC about Plaintiff's demand.

On May 7, 2020, Plaintiff brought an action in Massachusetts Superior Court against Enterprise Boston, Enterprise Holdings, Inc., McCormick, and the driver of the Vehicle ("the State Proceeding"). [Dkts. 70-1[1]; 45 ¶ 27]. Plaintiff brought seven causes of action: wanton and reckless conduct resulting in death, conscious pain and suffering, gross negligence, negligent entrustment, violations of M.G.L. ch. 90 § 32C, driving and operating on a suspended license, and negligent supervision. [Dkt. 70-1].

[1] As the state court complaint is a public record, the Court may consider it on a motion to dismiss for failure to state a claim without transforming the motion to one for summary judgment. See Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) (official public records may be considered without converting motion to dismiss to motion for summary judgment).

Enterprise Boston and Enterprise Holdings moved for summary judgment, and, on February 7, 2025, the Superior Court granted their motion. [Dkt. 70-2].[2] One month later, on March 7, 2025, final judgment was entered in favor of Enterprise Boston and Enterprise Holdings. [Dkt. 70-3].[3] Subsequently, the Superior Court conducted a trial and the jury returned a verdict against McCormick totaling $3,260,880.33 ("the McCormick Judgment").

Following entry of judgment in the State Proceeding, Plaintiff had a series of communications with Kevin P. Polansky, an attorney for Liberty Mutual and Safeco. In a October 15, 2025 correspondence, Polansky informed Plaintiff of two AGLIC policies, allegedly providing coverage for the Incident: Lead Umbrella Policy No. AUC 3781903-18 and Excess Liability Policy No. SXS 5912291-06.

Seeking to recover the funds from the McCormick Judgment, Plaintiff initiated the present lawsuit in the Superior Court of the Commonwealth of Massachusetts on August 27, 2025. Two days later, the Enterprise Defendants removed the case to federal court. Following the submission of a motion to dismiss, Plaintiff amended her complaint twice. The operative complaint at this juncture is Plaintiff's Second Amended Complaint, styled as a "Renewed First Amended Complaint" ("the Complaint"). [Dkt. 45]. On June 1, 2026, AGLIC filed the instant Motion to Dismiss. [Dkt. 136]. Additional Defendants filed Motions to Dismiss, which are addressed in separate opinions.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter of

---

[2] As the state court opinion and judgment are public records, the Court may consider them on a motion to dismiss for failure to state a claim without transforming the motion to one for summary judgment. See Freeman, 714 F.3d at 36.

[3] Plaintiff appealed the judgment, and that appeal remains pending. [Dkt. 148].

law. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Reading the complaint "as a whole," courts must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, courts must perform a close reading of the complaint to distinguish factual allegations from conclusory legal statements. Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). Factual allegations must be accepted as true, while legal conclusions are not entitled to credit. Id. A court may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 556). However, courts need only accept well-pleaded allegations, not all allegations; "some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 557 n.5). Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" United Auto., Aero., Agric. Implement Workers of Am. Int'l Union v. Fortuño, 633 F.3d 37, 41 (1st Cir. 2011) (quoting Iqbal, 556 U.S. 662 (2009)).

On the second step, courts must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). Dismissal is appropriate when the complaint fails to allege a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559).

## III. DISCUSSION

Plaintiff brings five claims against AGLIC: Declaratory Relief and Indemnity (Count IV); Breach of Contract (Count V); Violation of M.G.L. ch. 93A (Count VI); Violation of M.G.L. ch. 175, § 112C (Count VIII); and Violation of M.G.L. ch. 176D (Count IX). The Court will address each in turn.

### A. Declaratory Relief and Breach of Contract – Counts IV and V

Plaintiff brings a breach of contract claim against AGLIC for its refusal to cover harms from the Incident and seeks declaratory relief establishing (1) AGLIC's insurance covers the harms caused by the Incident, (2) the specific limits of coverage available from each defendant who is an insurer, (3) the priority of coverage among the defendants, and (4) that AGLIC is obligated to pay the McCormick Judgment and related damages.

To state a claim for breach of contract under Massachusetts law, a plaintiff must allege that "a valid, binding contract existed, the defendant breached the terms of the contract, and the plaintiff sustained damages as a result of the breach." Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 232 (1st Cir. 2013) (internal citation and quotation marks omitted). To avoid dismissal, "a complaint must describe the alleged terms of the contract with enough specificity to provide a defendant with the requisite notice of the nature of the claim." Foss v. Marvic, 365 F. Supp. 3d 164, 167 (D. Mass. 2019), aff'd sub nom. Foss v. Marvic, Inc., 994 F.3d 57 (1st Cir. 2021). A plaintiff must either quote specific contractual language, summarize the alleged legal effect of the contract, or attach the actual contract. Id. (citation omitted).

Where a plaintiff has not provided the contract to the court, a plaintiff must "state the nature of the alleged contract with [ ] specificity." Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996) (dismissing claim because, inter alia, plaintiff did not allege any contractual terms,

when the contract was formed, the duration of the contract, or the obligations the contract imposed upon the defendant); see Lexington Ins. Co. v. Johnson Controls Fire Prot. Ltd. P'ship, 347 F. Supp. 3d 61, 66-67 (D. Mass. 2018) (pleading requirement met where plaintiff alleged relevant terms, the contracts duration, when it was formed, and explained "some of the obligations imposed on Defendant by the contract."); FabriClear, LLC v. Harvest Direct, LLC, 481 F. Supp. 3d 27, 33 (D. Mass. 2020) (pleading requirements satisfied where the plaintiff alleged that the parties entered into a contract and that the defendant breached same by failing to comply with specified terms). As to breach, a plaintiff must "do more than allege, in conclusory fashion, that the defendant breached the contract, by describing, with substantial certainty, the specific contractual promise the defendant failed to keep." Brooks v. AIG SunAm. Life Assurance Co., 480 F.3d 579, 586 (1st Cir. 2007) (citation and internal quotation marks omitted).

Here, Plaintiff alleged coverage under two contracts, Lead Umbrella Policy No. AUC 3781903-18 and Excess Liability Policy No. SXS 5912291-06. However, Plaintiff has not "state[d] the nature of the alleged contract[s] with [ ] specificity." Doyle, 103 F.3d at 195. Plaintiff has not alleged any contractual terms, when the contract was formed, or the duration of the contract. See Lexington Ins. Co., 347 F. Supp. 3d at 66-67; FabriClear, LLC, 481 F. Supp. 3d at 33. Therefore, Plaintiff has not sufficiently alleged a breach of contract.

Plaintiff has also only pleaded that AGLIC breached the contracts through general and conclusory allegations. Group pleading is not categorically banned in this jurisdiction. Zond, Inc. v. Fujitsu Semiconductor Ltd., 990 F. Supp. 2d 50, 53 (D. Mass. 2014) ("[G]roup pleadings are not, prima facie, excluded by Rule 8(a)."). Nonetheless, the Rule 8 standard still applies. Where group pleading prevents a defendant from receiving sufficient notice of the claims against them, it is impermissible. See Craven ex rel. Henry v. Bos. Health Net Ins. Co., No. 12-CV-

12064-JCB, 2012 WL 6097067, at *4 (D. Mass. Dec. 6, 2012) ("Moreover, by pleading in the manner they have, i.e., collectively asserting claims against the Defendants, Plaintiffs have failed to meet Rule 8 pleading requirements."). The Complaint crosses the line into impermissible group pleading. The only specific facts about AGLIC are alleged while introducing the parties, and that introduction only identifies AGLIC as the insurer for two insurance policies. All other allegations against AGLIC are alleged through group pleading. [See, e.g., Dkt. 45 ¶¶ 84, 91]. Such pervasive group pleading prevents AGLIC from receiving notice of the specific allegations against them, and, therefore, does not meet Rule 8's lenient pleading requirements.

Plaintiff's declaratory relief cause of action (Count IV) is wholly derivative of the breach of contract (Count V) cause of action. Therefore, because Count V is dismissed, Count IV must necessarily be dismissed as well. Harvard St. Neighborhood Health Ctr., Inc. v. Hartford Fire Ins. Co., No. 14-CV-13649, 2015 WL 13234578, at *10 (D. Mass. Sep. 22, 2015) ("[B]ecause the Court has concluded that [the defendant] correctly denied coverage under the Policies, dismissal of the declaratory judgment count is also warranted."). Accordingly, Counts V and IV are dismissed.

**B. M.G.L. ch. 93A – Count VI**

Plaintiff alleges that AGLIC violated M.G.L. ch. 93A by "Knowingly and falsely representing (upon information the insurance entities knew about the demand for the policy information) that available coverage was limited to '20/40/5' when over $150,000,000 in coverage actually existed; b. Systematically concealing or being aware (as to the non-litigants in the state case) [of] the existence of multiple insurance policies and coverage layers for over six years; . . . d. Timing disclosures to impair enforcement efforts; e. Coordinating and conspiring to conceal available insurance coverage." [Dkt. 45 ¶ 95]. Because Plaintiff alleges a violation of

M.G.L. ch. 176D, and violations of chapter 176D can form the basis to a chapter 93A violation, Aquino v. Pacesetter Adjustment Co., 416 F. Supp. 2d 181, 192 (D. Mass. 2005), the Court also interprets the Complaint as alleging a violation of Chapter 176D through Chapter 93A.

AGLIC argues that Plaintiff has failed to state a claim under 93A for both procedural and substantive reasons. Starting with the procedural reason, under 93A, section 9(3), "[a]t least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent." "A demand letter is a condition precedent to commencing an action under G. L. c. 93A, § 9." Spillios v. Cohen, 647 N.E.2d 1218, 1221 (Mass. 1995).

Here, Plaintiff alleged that she "provided written demand for relief pursuant to M.G.L. c. 93A, § 9 on October 13, 2025, more than thirty (30) days prior to filing this version of the complaint," and "[t]he Coverage Defendants failed to make reasonable offers of settlement in response to the demand letter." [Dkt. 45 ¶ 103]. The "Coverage Defendants," are defined in the Complaint as defendants "Liberty Mutual, Safeco, Ohio Casualty, American Guarantee, Continental, Indemnity, XL Insurance, Travelers, Crawford, ELCO, EAN Trust, and EAN Holdings." [Dkt. 45 ¶ 94].

Upon review of the demand letter,[4] it does not establish that Plaintiff sent the letter to AGLIC. The letter is addressed to ELCO Administrative Service Company, the Crawford Group, Inc., Liberty Mutual Insurance Company Legal Department, Safeco Insurance Company of America c/o Liberty Mutual Insurance Company, and Travelers Property Casualty Company

[4] Because Plaintiff refers to the October 13 demand letter in her pleadings, and the letter provides the factual basis for her allegation, the Court may review the letter on the motion to dismiss. Rivera v. Kress Stores of Puerto Rico, Inc., 30 F.4th 98, 102 (1st Cir. 2022) ("In adjudicating a Rule 12(b)(6) motion, a district court may consider . . . the complaint . . . and other such documents that are sufficiently referenced and/or relied upon in the complaint.").

of America. [Dkt. 82-3]. The letter is not addressed to AGLIC, does not mention AGLIC, and does not reference any of AGLIC's actions or policies. It provides no support for Plaintiff's aversion that it was sent to AGLIC prior to the filing of this action. As Plaintiff does not appear to have sent a demand letter to AGLIC, and "[a] demand letter is a condition precedent to commencing an action under G. L. c. 93A, § 9," Count VI is dismissed.[5] Spillios, 647 N.E.2d at 1221. AGLIC's substantive arguments for dismissal need not be addressed, because the Court has dismissed Count VI on procedural grounds.

**C. M.G.L. ch. 176D – Count IX**

Count IX brings a direct claim under M.G.L. ch. 176D. However, "that statute provides no private cause of action and is enforceable only by the commissioner of insurance." Thorpe v. Mut. of Omaha Ins. Co., 984 F.2d 541, 544 n.1 (1st Cir. 1993) (citing Dodd v. Commercial Union Ins. Co., 365 N.E.2d 802 (Mass. 1977)); see Salvati v. Am. Ins. Co., 855 F.3d 40, 49 (1st Cir. 2017) ("[T]o the extent that [the count] attempts to state an independent claim for recovery under [C]hapter 176D, it must fail.") (quoting M. DeMatteo Const. Co. v. Century Indem. Co., 182 F. Supp. 2d 146, 160 (D. Mass. 2001)). As Chapter 176D does not provide a private right of action, Count IX is dismissed.

**D. M.G.L. ch. 175 § 112C – Count VIII**

Plaintiff alleges that AGLIC violated M.G.L. ch. 175 § 112C by failing to timely disclose insurance policies covering the Incident.

M.G.L. ch. 175 § 112C provides:

[5] Plaintiff avers that they sent a different demand letter to AGLIC. However, because that demand letter is not reference in the Complaint, the court cannot consider it without turning this Motion into a motion for summary judgment. Spinal Imaging Inc. v. State Farm Mut. Auto. Ins. Co., No. 12-CV-11498-RWZ, 2013 WL 1755200, at *2 n.2 (D. Mass. Apr. 24, 2013) ("Of course, plaintiffs cannot repair the complaint just by providing the missing information in their subsequent briefing.").

> Any insurer doing business in the commonwealth shall reveal to an injured party making claim against an insured, the amount of the limits of said insured's liability coverage, upon receiving a request in writing for such information from the injured party or his attorney.

Under this provision, injured parties or their attorneys must make the "request in writing" directly to the insurer. See Costa v. Zurich Am. Ins. Co., No. 23-CV-11594, 2024 WL 1093002, at *7 (D. Mass. Mar. 13, 2024) (plaintiff did not meet Section 112C's demand requirement by making the demand to the insured rather than the insurer). The Complaint did not allege that Plaintiff or her attorney made the demand to AGLIC.[6] Because Plaintiff did not allege that she or her attorney made the demand to AGLIC, Plaintiff does not meet the requirements of M.G.L. ch. 175 § 112C.

Plaintiff's M.G.L. ch. 175 § 112C claim is also unsuccessful because the statute's disclosure requirement only applies to primary automobile liability policies providing compulsory coverage. Xu v. Donovan, 34 Mass. L. Rptr. 312, 2017 WL 3080319, at *4-5 (Mass. June 2, 2017) ("Defendants had no duty to disclose the excess insurance policy. By statute, [Tufts Medical Center's] captive insurer had a duty to reveal to Plaintiffs 'the amount of the limits' of its insureds' liability coverage. G.L.c. 175, § 112C. That duty was satisfied when Tufts informed Plaintiffs that the defendants in the medical malpractice case each had $2.5 million in professional liability insurance coverage."). Neither the Lead Umbrella Policy nor the Excess Liability Policy are the primary automobile liability policy for the Enterprise Defendants. Therefore, M.G.L. ch. 175 § 112C's disclosure requirement does not apply to the policies. For these reasons Count VIII is dismissed.

---

[6] In her Opposition, Plaintiff alleges that she "served a renewed written § 112C demand on AGLIC, to which AGLIC responded on May 1, 2026," eight months after the action was removed. [Dkt. 140 at 11]. The Court may not consider new facts allegations averred to in Plaintiff's Opposition. See Decoulos v. Town of Aquinnah, No. 17-CV-11532, 2018 WL 3553351, at *12 (D. Mass. July 24, 2018) ("[Plaintiff] cannot bolster the allegations of the Amended Complaint through the late addition of new facts in opposing a motion to dismiss."). Accordingly, the Court does not consider the renewed demand in deciding this Motion.

## IV. CONCLUSION

For the foregoing reasons, AGLIC's Motion to Dismiss [Dkt. 136] is **GRANTED**.

**SO ORDERED.**

Dated: September 2, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge