**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROSARIO AGUILAR, as Representative of MARYORI M. CONDE and as Personal Representative of the Estate of MARYORI M. CONDE,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-12395-AK |

**MOTION FOR PARTIAL RELIEF FROM ORDER [DKT. 155]**

Lindemann Law, APC ("Firm")[1] respectfully moves under the Court's inherent authority, Fed. R. Civ. P. 54(b) and 60(b) for partial relief from the Memorandum and Order dated September 25, 2026 (Dkt. 155) (the "Order"), based on events and further remedial actions taken by Firm since the Order entered.

First, Firm requests that no formal monetary sanction be imposed and that the Order to Show Cause (Dkt. 126) be deemed resolved. Rule 60(b)(5) permits relief where an order "…has been satisfied" or where "...applying it prospectively is no longer equitable." Courts have resolved orders to show cause concerning erroneous citations without imposing formal sanctions where counsel took sufficient remedial action concerning reimbursement of fees. *See*, *e.g.*, *Green*

[1] Firm files this Motion solely in its capacity as an interested party affected by Dkt. 155, and not on behalf of Plaintiff.

*Building Initiative, Inc. v. Peacock*, No. 3:24-cv-298-SI, ECF No. 92 (D. Or. Nov. 12, 2025) (order resolving order to show cause where the court was satisfied with the remedial actions already taken and those proposed to be taken concerning citation errors).

Here, although no hearing was ever held on the OSC, Firm agreed with the Enterprise Defendants on the amount of their fees and costs, without the need for an assessment by the Court, and paid that amount in full on October 23, 2026. A willingness to pay Enterprise Defendants their fees was initiated promptly after entry of Order. Together with the remedial measures the Order recognized, including Firm's citation-verification procedures and completion of continuing legal education on the ethical use of AI, that payment fully serves the purposes of the Order, and no monetary sanction need be imposed.

Second, Firm requests relief from the revocation of Mr. Lindemann's pro hac vice admission. A Rule 11 sanction "…must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The revocation no longer serves that purpose. The Court has recently dismissed the claims against the primary defendants with ability to pay any judgment (Dkts. 151–154). Shauna McCormick and the Estate of Sean St. Louis are apparently without assets of their own to satisfy any judgment. Attorney Dana's firm serves as Plaintiff's counsel, counsel is seeking additional specialized counsel to represent Plaintiff in this matter at the expense of Firm, and Firm agrees not to e-file any further documents on Plaintiff's behalf in this action.

The Order has also already had its deterrent effect; it was promptly reported in the legal press and has caused significant reputational harm for errors that were unintentional, and that have been acknowledged. Short of the relief requested, the revocation will operate as a lasting mark that follows counsel into every future pro hac vice application, for conduct the Order did not find

intentional. Finally, the Court's order to show cause under Rule 11(c)(3) was directed to Plaintiff (Dkt. 126; *see* Dkt. 155 at 6) and did not identify revocation of pro hac vice admission as a sanction under consideration.

For these reasons, Firm respectfully requests that the Court (1) impose no monetary sanction and deem the Order to Show Cause (Dkt. 126) and Order resolved, and (2) grant relief from the revocation of Mr. Lindemann's pro hac vice admission subject to the limitations as to e-filing on behalf of Plaintiff identified above.

Respectfully submitted,

DATED: October 23, 2026

/s/ *Blake J. Lindemann*

Blake J. Lindemann
California Bar No. 255747
E-mail: blake@lawbl.com
**LINDEMANN LAW FIRM, APC**
9777 Wilshire Blvd., 4th Floor
Beverly Hills, CA 90212
Telephone No: 310-279-5269

*Respondent to Order* [Dkt. No. 155]

**<u>Local Rule 7.1(a)(2) Certification</u>**

The undersigned certify that, beginning on September 25, 2026, the date the Order was entered by the Court on the docket, and in an exchange of several emails through October 22, 2026, Plaintiff's counsel Mr. Dana, Respondent Counsel to the Order, and counsel for the Enterprise Defendants, Michael R. Stanley of Demeo LLP, made a good-faith attempt to resolve or narrow the issues presented. Counsel for the Enterprise Defendants stated that they do not assent to the motion and will assess the need to oppose it based on its contents.

Respectfully submitted,

DATED: October 23, 2026

/s/ *Blake J. Lindemann*

Blake J. Lindemann
California Bar No. 255747
E-mail: blake@lawbl.com
**LINDEMANN LAW FIRM, APC**
9777 Wilshire Blvd., 4th Floor
Beverly Hills, CA 90212
Telephone No: 310-279-5269

*Respondent to Order* [Dkt. No. 155]

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of October 2026, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

*/s/ Blake J. Lindemann*
______________________________
Blake J. Lindemann