**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ROSARIO AGUILAR,
*as Representative of Maryori M. Conde and as Personal Representative of the Estate of Maryori M. Conde,*

Plaintiff,

v.

THE CRAWFORD GROUP, INC., LIBERTY MUTUAL INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF AMERICA, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, SHAUNA MCCORMICK, ESTATE OF SEAN ST. LOUIS, ELCO ADMINISTRATIVE SERVICES COMPANY, THE OHIO CASUALTY INSURANCE COMPANY, AMERICAN GUARANTEE AND LIABILITY INSURANCE CO., EAN TRUST, EAN HOLDINGS, LLC,

Defendants.

Civil Action No. 25-CV-12395-AK

**MEMORANDUM AND ORDER ON MOTION TO VACATE**

**ANGEL KELLEY, D.J.**

In a September 25, 2026 Order ("the Order") the Court granted a Motion for Sanctions filed by Defendants the Crawford Group, Inc., ELCO Administrative Services Company, EAN Trust, and EAN Holdings, LLC ("Enterprise Defendants"), against Plaintiff's counsel, Blake Lindemann of the Lindemann Law Firm. [Dkt. 155]. In the Order, sanctions were imposed, pursuant to Rule 11, for the inclusion of fictitious and incorrect citations in three of Plaintiff's briefs. As sanctions, the Court (1) ordered the Lindemann Law Firm to pay the Enterprise

Defendants' attorney's fees and costs associated with the sanctionable conduct, not to exceed $10,000, and (2) revoked Lindemann's pro hac vice status.

On October 23, 2026, Lindemann filed a Notice informing the Court that he paid the Enterprise Defendants a mutually agreed upon sum for their attorney's fees, as required by the Order. [Dkt. 161]. Simultaneously, Lindemann filed a Motion for Partial Relief from the Order. [Dkt. 162]. In his Motion, Lindemann requests that no formal monetary sanction be imposed and that the Court's Order to Show Cause [Dkt. 126], which ordered Plaintiff to show cause why sanctions should not be imposed, should be deemed satisfied. Lindemann further requested that the Court reverse its decision to revoke his pro hac vice status. The Enterprise Defendants opposed. [Dkt. 163].

Lindemann argues that relief is warranted under Federal Rule of Civil Procedure 60(b)(5), which permits relief from a judgment where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Rule 60(b)(5) provides a mechanism for asking "a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" Horne v. Flores, 557 U.S. 433, 447 (2009) (quoting Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 384 (1992). The moving party bears the burden of demonstrating their circumstances warrant relief. See Rufo, 502 U.S. at 383.

First, relying upon Green Building Initiative, Inc. v. Peacock, No. 24-cv-298, [Dkt. 92] (D. Or. Nov. 12, 2025), Lindemann argues that relief is warranted because he paid the Enterprise Defendants. In Green Building Initiative, the court ordered the offending party to show cause why sanctions should not be imposed for the inclusion of two fictitious citations in their briefs. Id. at [Dkt. 87]. In response, the offending attorney admitted to violating Rule 11, and, without

being ordered by the court, paid the opposing party's attorney's fees, agreed not to charge their client for briefing related to the fictitious citations, agreed to take CLEs on generative AI, and agreed to donate $5,000 to Campaign for Equal Justice. Id. at [Dkt. 88]. In contrast, despite framing the payment as "voluntary" [Dkt. 161 at 1], Lindemann only paid attorney's fees after opposing the Motion for Sanctions [Dkt. 92] and arguing against the imposition of any sanctions in response to the Court's Order to Show Cause [Dkt. 135]. Lindemann's payment was not a voluntary remedial measure; it was compliance with a court order.

Generally, "modification should not be granted where a party relies upon events that actually were anticipated at the time" the order was entered. Rufo, 502 U.S. at 385. The Court anticipated compliance with the Order when it was issued. As such, the payment of attorneys' fees is not "a significant change" warranting relief. Horne, 557 U.S. at 447.

Next, Lindemann requests relief from the revocation of his pro hac vice admission. He argues that the Order has a sufficient deterrent effect without actually imposing sanctions because it was reported in the legal press and has caused Lindemann significant reputational harm. In essence, Lindemann is asking the Court to reverse its prior determination because the Order had its intended effect. The Court declines to do so. In deciding the Motion for Sanctions, the Court carefully weighed possible sanctions and limited sanctions to "what suffices to deter repetition of [Lindemann's] conduct or comparable conduct by others similarly situated." Rule 11(c)(4). Lindemann has not identified anything to indicate that the sanction was harsher than intended or required. As such, the Court will not reverse its determination to revoke Lindemann's pro hac vice status.

Lastly, Lindemann argues "the Court's order to show cause under Rule 11(c)(3) was directed to Plaintiff (Dkt. 126; *see* Dkt. 155 at 6) and did not identify revocation of pro hac vice admission as a sanction under consideration." [Dkt 162 at 3]. As this quote is the totality of

argumentation on these issues, they are so cursory as to have been waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by argumentation are waived."). Nonetheless, the Court will address these arguments insofar as it understands them.

First, the Court was not required to identify specific sanctions that are under consideration when issuing its Order to Show Cause. See Fed. R. Civ. P. 11(c)(3). Regardless, revocation of pro hac vice status was specifically requested by the Enterprise Defendants in their Motion for Sanctions. [Dkt. 66 at 17]. Therefore, Lindemann knew or should have known that revocation was a possible sanction. Second, the Order to Show Cause was directed to Plaintiff because the briefs with fictitious and inaccurate citations were filed on behalf of Plaintiff. Although Lindemann had signed the offending papers, two attorneys had appeared on behalf of Plaintiff at that time. Clearly, Lindemann understood to whom the Order to Show Cause was addressed, because he responded and took responsibility for the offending submissions. As such, Lindemann was given appropriate notice and an opportunity to explain what occurred.

Because Lindemann has not demonstrated "a significant change either in factual conditions or in law" that renders continued enforcement of the Order "detrimental to the public interest," Rufo, 502 U.S. at 384, Attorney Lindemann's Motion for Partial Relief from the Order [Dkt. 162] is **DENIED**.

**SO ORDERED.**

Dated: November 10, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge